Irving Younger, J.
In the course of the trial of this case, plaintiff’s counsel offered a deposition in evidence. Defense counsel objected, and I sustained the objection. Plaintiff’s counsel was perplexed. Because he is entitled to whatever guidance I can furnish, and because the point seems novel, I am filing this memorandum.
In February, 1959, there was an accident involving Jobse, Connolly and Santomassimo, as a result of which Jobse promptly sued Connolly and Santomassimo in Supreme Court. Nothing happened for four years. Then, in 1963, Santomassimo (but not Connolly) moved to dismiss for failure to prosecute. After maneuvers not relevant here, the motion was denied upon condition plaintiff pay costs to Santomassimo. Again nothing happened — not even the settling of an order on the decision— for two years. Finally, in 1965, an order was presented and signed, whereupon Santomassimo appealed to the Appellate Division, which reversed Special Term and dismissed the com *70 plaint against Santomassimo for failure to prosecute (24 A D 2d 945).
In 1966, the case against Connolly was transferred to this court where, on June 13,1969, it came to trial at last.
Jobse himself was not present. His attorney had last seen him in 1963. Since that time, and continuing to the present, the attorney has tried to find him. He has not.
Without Jobse’s presence, the attorney was hard put to make out a prima facie case. He sought to do it by offering in evidence the transcript of Jobse’s examination before trial. This I declined to permit him to do.*
A deposition occupies no special position in the law of evidence. When offered to prove the truth of what it asserts, it is hearsay, and may be received in evidence only if it is admissible under an exception to the hearsay rule. Hence a deposition may always be used to impeach the deponent, since impeachment does not, by definition, raise hearsay problems. (5 Wigmore, Evidence, § 1416 [3d ed., 1940].) So too may the deposition of a party always be put in evidence by an adverse party, since the admissions exception to the hearsay rule authorizes the receipt of a party’s hearsay upon the offer of the party’s adversary. (CPLR 3117, subd. [a], par. 2.) When Jobse’s attorney offered Jobse’s deposition, he was obviously neither impeaching the deponent nor appealing to the doctrine of admissions. His right to put the deposition in evidence was therefore constricted by the rule against hearsay and its exceptions.
Our statute permits the hearsay use of a deposition such as Jobse’s when the deponent is unavailable (CPLR 3117, subd. [a], par. 3). Sometimes described as the deposition exception to the hearsay rule, such use might more compactly be classified as an application of the exception for prior reported testimony. (5 Wigmore, Evidence, § 1401 [3d ed., 1940] ; cf. CPLR 4517.) To invoke the latter exception, it must appear not only that the declarant is unavailable but also that his absence is not due to the act or neglect of the hearsay’s proponent. The statute does not explicitly attach this condition to a party’s right to use the deposition of an unavailable deponent. (CPLR 3117, subd. [a], par. 3.) I have no doubt, however, that the Legislature’s silence signifies nothing. In general, a party will not be permitted to benefit by his own misconduct. In particular, a *71 party will not be permitted to put in evidence the deposition of a person whose unavailability is the party’s doing. A contrary rule would hardly be just, and we are directed to construe the statute ‘ ‘ to secure the just * * * determination of every civil judicial proceeding.” (CPLR 104.)
Assuming for purposes of this memorandum that plaintiff’s counsel has demonstrated Jobse’s unavailability, I must conclude that the unavailability is attributable to him.
By its decision in 1965, the Appellate Division decided that plaintiff has been guilty of gross neglect in failing to prosecute this case. It dismissed the complaint as to Santomassimo because only Santomassimo had moved to dismiss it. I do not now dismiss the complaint against Connolly for failure to prosecute : that issue is not before me. Rather, I decide that, had the case been prosecuted with reasonable expedition, Jobse would have been present to testify. He is not now present because of the advanced age of the case, for which plaintiff, by reason of his failure to proceed with dispatch, is responsible. That being so, plaintiff’s offer of Jobse’s deposition in evidence on the ground of Jobse’s absence is an attempt to profit by his own fault. Accordingly, when defendant objected to the receipt of the deposition, I sustained the objection.

 Counsel was permitted to read to the jury the deposition of defendant Connolly, which was proper under CPLR 3117 (subd. [a], par. 2). He was not permitted to read the deposition of Santomassimo, since as to him there was no showing at all of any of the circumstances mentioned in CPLR 3117 (subd. [a], par. 3).