■ UNITED BANK LIMITED et al., Respondents, v CAMBRIDGE SPORTING GOODS CORP., Appellant.—Judgment, Supreme Court, New York County, entered April 29, 1975 upon a direction of verdict in favor of petitioners, unanimously affirmed; and that the respondents recover of appellant $60 costs and disbursements of this appeal. It is clear, as found by the trial court, that petitioners established a prima facie right to the proceeds of the subject irrevocable letter of credit and that respondent failed to establish any defense. Respondent never denied the genuineness of the signatures on the drafts and as such, they were deemed admitted (Uniform Commercial Code, § 3-307, subd [1]). Accordingly, petitioners, as holders of the instruments, were "entitle[d] to recover on [them] unless the defendant establishe[d] a defense." However, as already noted, defendant failed to establish any defense. There was no proof that petitioners engaged in any fraudulent act or other misconduct precluding their recovery. As noted by the trial court, while there was some proof indicating that the original vendor, Duke Sports, may have been guilty of misrepresentation, breach of warranty or perhaps fraud, those acts were not connected to the petitioners in any manner. In passing, we deem it important to note that the trial court permitted the introduction, as evidence in chief, of petitioners' answers to written interrogatories. Though it is not necessary to here decide whether such was proper, nevertheless, it appears that the language of CPLR 3117 seemingly authorizes their admission. (Cf. *Wojtas v Fifth Ave. Coach Corp.,* 23 AD2d 685; *Jobse v Connolly,* 60 Misc 2d 69.) However, we invite the attention of the Legislature to the question of the desirability of permitting a party (particularly a party plaintiff) to prove its case by its own out-of-court testimony—which was not fully subject to the rigor of trial cross-examination—for the sole reason that the *party* "is at a greater distance

than 100 miles from the place of trial". (CPLR 3117, subd [a], par 3, cl [ii].) Concur—Stevens, P. J., Markewich, Tilzer and Lane, JJ.; Capozzoli, J., concurs in the result only.