INTERNATIONAL HORMONES, INC., Respondent, v SAFECO INSURANCE COMPANY OF AMERICA, Appellant.—In an action, *inter alia,* to declare that the defendant is obligated to defend the plaintiff-respondent, its insured, in a certain action, defendant appeals from an order of the Supreme Court, Nassau County, dated December 8, 1975, which, *inter alia,* granted plaintiff's motion for summary judgment. Order affirmed, with $50 costs and disbursements. The respondent, International Hormones, Inc., manufactured hormone suspensions which were sold to Bel-Mar Laboratories, Inc. (Bel-Mar), which then transferred the suspensions to vials, into which other materials were allegedly inserted. The resulting product was then resold to medical facilities for use in injections. The Federal Food and Drug Administration (F. D. A.) ordered a recall of Bel-Mar's products because they were not sterile. Bel-Mar then sued respondent, claiming a breach of various express and implied warranties in that the suspensions provided by it were not sterile, thus leading to the recall by the F. D. A. Respondent sought to have its insurance carrier, appellant Safeco Insurance Company of America, defend the suit by Bel-Mar. Appellant denied coverage, citing various exclusionary clauses in the insurance contract between the parties. Respondent then sued appellant, seeking a declaration that the latter was obligated to defend the suit brought by Bel-Mar. Respondent moved for summary judgment and the motion was granted by Special Term. The first exclusionary clause referred to by appellant applies where the insured's product is withdrawn from the market. However, clauses identical to this one have been held to be operative only where the withdrawal is by the insured party itself, and not, as here, where the product is recalled by a third party (see *Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.,* 34 NY2d 356). The second exclusionary clause invoked by appellant applies to damages resulting from a failure of the product in question to function or perform as intended by the insured. This provision does not apply where the product has become a part of, or has been integrated into, another product of a third party (see *Sturges Mfg. Co. v Utica Mut. Ins. Co.,* 37 NY2d 69). The parties present conflicting factual arguments as to whether Bel-Mar added anything to the suspensions provided by respondent. This dispute can only be determined at the trial of the action commenced by Bel-Mar and does not relieve appellant of its duty to defend. Finally, it is entirely possible that Bel-Mar will successfully establish damages to its property. Appellant has failed to establish that the loss sustained by Bel-Mar is completely within the exclusionary clauses of the policy. Since the duty to defend is broader than the duty to indemnify, appellant should not be excused from defending the action brought against its insured. Hopkins, J. P., Margett, Damiani and Rabin, JJ., concur.