■ NORMAN R. GILL, Appellant, v RONALD LOGAN, Respondent.—In an action, *inter alia,* to declare the rights of the parties to certain premises, as affected by a stipulation agreement dated July 25, 1975, plaintiff appeals from an order of the Supreme Court, Kings County, dated June 28, 1977, which granted the defendant's motion to dismiss the complaint. Order reversed, on the law, without costs or disbursements, motion denied, and it is declared that plaintiff has no right to the disputed property under the terms of the stipulation. Generally, when a bona fide justiciable controversy has been presented, it is improper to dismiss a complaint seeking declaratory relief. On a motion pursuant to CPLR 3211, in such an action, it may be proper to proceed to a consideration of the sufficiency of the plaintiff's claims on the merits (see *Boryszewski v Brydges,* 37 NY2d 361; *St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ.,* 20 NY2d 317; *Matter of Mandis v Gorski,* 24 AD2d 181). Here the conceded facts are fully before the court and the only issues concern the interpretation of a written stipulation. Since the plaintiff's claims rely entirely upon the stipulation, it is appropriate for this court to interpret that document rather than compel the parties to proceed with the unnecessary procedure of formally moving for summary judgment. Proceeding to the merits, we are in complete accord with the decision of Special Term that the unambiguous language of the stipulation creates the condition precedent of obtaining a divorce decree. The death of the plaintiff's mother prevented accomplishment of that condition and, upon her demise, title to the disputed property lodged solely in the defendant. The plaintiff's claims are palpably without merit and he has no right to the disputed property under the terms of the stipulation. However, since this is an action for a declaratory judgment, Special Term should have made an appropriate declaration rather than dismiss the complaint. Damiani, J. P., Titone, Suozzi and Rabin, JJ., concur.