■ ARTHUR PETTORINO et al., Appellants, v INCORPORATED VILLAGE OF VALLEY STREAM, Respondent.—In an action to recover damages for malicious prosecution, abuse of process and prima facie tort, arising out of an alleged conspiracy to deny plaintiffs a building permit, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated April 7, 1977, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 5, 7). Order affirmed, with $50 costs and disbursements. A municipality is immune from liability for the performance of quasi-judicial or discretionary functions (*Rottkamp v Young,* 21 AD2d 373, affd 15 NY2d 831). In any event, the action is barred for failure to serve and file a timely notice of claim (see *Bloomfield Bldg. Wreckers v City of Troy,* 50 AD2d 673, affd 41 NY2d 1102). Hopkins, J. P., Titone, Gulotta and O'Connor, JJ., concur.

■ POINT TENNIS COMPANY, Appellant, v IRVIN INDUSTRIES CORP., Respondent, et al., Defendant.—In an action to recover for property damage, plaintiff appeals from an order of the Supreme Court, Nassau County, entered December 15, 1977, which granted the motion of defendant Irvin Industries Corp. for summary judgment. Order reversed, with $50 costs and disbursements, and motion denied. CPLR 1004 authorizes suit in the name of an insured person who has executed a "loan receipt" in favor of his insurer. Plaintiff concededly executed a loan receipt in exchange for payment of his claim. Accordingly, defendant-respondent's objection that the plaintiff, having received payment and divested itself of a financial interest in the lawsuit, has no standing to pursue this action, is without merit (see *Rosenthal Jewelry Corp. v St. Paul Fire & Mar. Ins. Co.,* 21 AD2d 160, 164, affd 17 NY2d 857). This statute constitutes a legislative exception to the "real party in interest" doctrine and laudably prevents the disclosure of insurance coverage by plaintiff. The loan receipt executed by plaintiff, having vested all right and interest in any recovery to its insurer, concededly renders this action a subrogation claim. Accordingly, the release executed by plaintiff in favor of defendant, which contained an express exception for a subrogation claim may not be utilized to bar this action. Gulotta, J. P., Shapiro, Cohalan and O'Connor, JJ., concur.