■ LAWRENCE HENDERSON, Doing Business as VILLAGE TAVERN, Respondent, v AETNA CASUALTY AND SURETY COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered March 27, 1980 in Albany County, which (1) granted defendant's motion to renew and reargue its prior motion which sought an order dismissing plaintiff's complaint, and (2) adhered to its original decision denying the motion to dismiss. Plaintiff

operated a tavern on premises he leased from Peter Rezey. Defendant had issued a fire insurance policy to plaintiff. A fire occurred and defendant, pursuant to the terms of the policy, paid plaintiff some $12,500 in full satisfaction of the claim. Plaintiff then executed a subrogation receipt in favor of defendant. Thereafter, defendant, as subrogee of plaintiff, sued Rezey to recover the money paid plaintiff. The action was brought in plaintiff's name as is permitted by CPLR 1004. Rezey counterclaimed against plaintiff alleging negligence and breach of the lease. The instant action was commenced seeking a declaration that defendant must defend and indemnify plaintiff against any liability which may result from the counterclaim. Special Term denied defendant's motion to dismiss the complaint and this appeal ensued. It is well established that defendant, as subrogee, had an absolute right to bring the action against Rezey *(Coniglio v State of New York,* 35 AD2d 1021) and, furthermore, to bring it in plaintiff's name (CPLR 1004). An examination of the clear and unambiguous language of the policy demonstrates that no coverage is afforded for damage to property that is owned, used, occupied or rented by the insured. Since plaintiff leased the business premises, the policy does not cover him for any liability that he may incur as a result of the counterclaim interposed by Rezey. There must, therefore, be a reversal and a declaration in favor of defendant (see *Gill v Logan,* 62 AD2d 1029). We have examined all the arguments advanced by plaintiff urging affirmance and find them unpersuasive. Order reversed, on the law, and judgment directed to be entered declaring that defendant is not required to defend and indemnify plaintiff on the counterclaim interposed by Rezey. Mahoney, P. J., Sweeney and Weiss, JJ., concur; Kane and Casey, JJ., dissent and vote to affirm in separate memoranda.

Kane, J. (dissenting). Since defendant offered extrinsic materials under CPLR 3211 (subd [c]) in support of its motion to dismiss the complaint for failure to state a cause of action (CPLR 3211, subd [a], par 7), the issue is whether plaintiff actually has a cause of action to be defended on the counterclaim interposed by Rezey in the underlying litigation *(Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *Rovello v Orofino Realty Co.,* 40 NY2d 633, 635; *Rappaport v International Playtex Corp.,* 43 AD2d 393). Those submissions disclose that plaintiff has received $12,481.42 from defendant on a policy of fire insurance and that the counterclaim by the owner alleges a property loss totaling $36,500 on account of plaintiff's negligence and a breach of the parties' lease. Inasmuch as Rezey's pleading does not indicate which portions of his building were damaged by the fire and defendant has not demonstrated that plaintiff occupied the entire premises, I fail to understand how the exclusion contained in defendant's policy of comprehensive general liability insurance warrants a dismissal of plaintiff's cause of action at this stage of the proceeding. From all that appears in the record, the owner is simply claiming that his property was damaged by acts for which the tenant should be held responsible. Defendant has not shown that the *only* damage caused was to property occupied by its insured and, therefore, it cannot be said that plaintiff has no cause of action for declaratory relief. Although the suit defendant commenced in plaintiff's name against Rezey is not directly before us, the majority's observation that actions of this nature are statutorily grounded should be read as *dicta* of questionable validity. CPLR 1004 merely provides that an *"insured"* person who has executed to his insurer either a loan or subrogation receipt * * * or other similar agreement * * * may sue or be sued without joining with him the person for or against whose interest the action is brought" (emphasis added). It does not purport to invest the *insurer* with like authority and, while *Coniglio v State*

*of New York* (35 AD2d 1021) recognizes that such a right may arise under the terms of a subrogation agreement, cogent reasons exist for declining to give the enactment an interpretation broader than its language conveys (cf. *Allstate Ins. Co. v Babylon Chrysler Plymouth,* 45 AD2d 969). The order of Special Term should be affirmed.

Casey, J. (dissenting). I agree with Mr. Justice Kane insofar as he concludes that dismissal of the complaint is not warranted at this point in the proceeding. The exclusion applies only "to property damage to * * * property owned or occupied by or rented to the insured", and on the pleadings herein it cannot be said that the liability sought to be imposed against plaintiff by the counterclaim is limited only to property damage to the portion of the premises occupied or rented by plaintiff.