◼ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, et al., Appellants, v MEDICAL LIABILITY MUTUAL INSURANCE COMPANY et al., Respondents, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Soden, J.), entered November 4, 1980 in Franklin County, which granted defendants' motion to dismiss plaintiffs' complaint and which denied plaintiffs' cross motion for an order declaring defendant Medical Liability Mutual Insurance Company obligated to defend plaintiff Karen Whitehouse under an insurance policy issued to defendant Dr. David P. Gorman. This is an action seeking a declaratory judgment that defendant Medical Liability Mutual Insurance Company (Medical Liability) was obligated to defend plaintiff Whitehouse under the terms of the policy issued to defendant David P. Gorman, M.D. There is no substantial dispute about the facts. On July 27, 1976, plaintiff Whitehouse, a registered nurse employed by defendant Gorman, rendered certain medical services to Mary Otis, who was pregnant and a patient of Gorman. The following day, Mary Otis delivered a premature child. Thereafter, the husband of Mary Otis and the father of the child brought a malpractice action on behalf of the child against defendant Gorman and plaintiff Whitehouse. The record also establishes that defendant Gorman was covered by a professional liability insurance policy issued by defendant Medical Liability and that plaintiff Whitehouse was covered by a liability insurance policy issued by plaintiff National Union Fire Insurance Company of Pittsburgh, Pennsylvania (National Union). Under the terms of the National Union Policy, protection was limited to the excess of any settlement or judgment not covered by other insurance of the insured. Section 1 of the Medical Liability policy requires payment by the insurer as follows: "To pay on behalf of the insured all sums which the insured shall become legally

obligated to pay as damages because of injury or death resulting from rendering or failing to render, during the policy period, professional services by the insured, or by any person for whose acts or omissions the insured is legally responsible, performed in the practice of the insured's profession". Section 2 of the policy requires the insurer: "[To] defend any suit or claim against the insured alleging such injury or death and seeking damages on account thereof, even if such suit is groundless, false or fraudulent". Section 3 of the policy defines "insured" as "the licensed physician or surgeon named in the declarations". Medical Liability refused to defend plaintiff Whitehouse in the malpractice action brought by Otis. The instant action was then commenced by plaintiffs Whitehouse and National Union. Special Term granted defendants' motion to dismiss the complaint and this appeal ensued. A resolution of the controversy necessitates an examination of the language of the policy to ascertain the extent of the coverage. Absent ambiguity, this is a question of law for the court (*Molycorp, Inc. v Aetna Cas. & Sur. Co.*, 78 AD2d 510). From a reading of the pertinent provisions of the policy, we find no ambiguity. These provisions, therefore, must be given their plain and ordinary meaning (*Government Employees Ins. Co. v Kligler,* 42 NY2d 863, 864). Such an approach clearly demonstrates that the policy provides for the indemnification of defendant Gorman for all sums he becomes legally obligated to pay arising out of his professional services or because of the services performed in Gorman's practice by any person for whose acts he is legally responsible. The policy also agrees, in equally clear language, to defend Gorman in any suit brought against him. Nowhere in the policy does it provide for the defense or indemnification of an employee. To adopt plaintiffs' contention that since the policy agrees to indemnify Gorman for liability for the acts of any person for whom he is legally responsible, the policy must by implication afford such a person a defense, requires a rewriting of the clear unambiguous language of the policy. Such is contrary to the existing law (*Government Employees Ins. Co. v Kliger,* 42 NY2d 863, 864, *supra*). Consequently, Special Term properly determined that the coverage of the Medical Liability policy does not extend to plaintiff Whitehouse. We also reject plaintiffs' contention that Medical Liability's denial of coverage was untimely, pursuant to subdivision 8 of section 167 of the Insurance Law and, therefore, waived. The doctrine of waiver is inapplicable in deciding the issue of the existence of coverage (*Schiff Assoc. v Flack,* 51 NY2d 692, 698). Furthermore, it is clear in the present case that no contractual relationship ever existed between Mutual Liability and Whitehouse and, thus, no denial of coverage under subdivision 8 of section 167 was necessary (*Zappone v Home Ins. Co.,* 80 AD2d 661). We would also note that the denial of coverage herein was made less than a month after the demand. We have considered all other issues raised by plaintiffs and find them unpersuasive. We note, however, that since Special Term dismissed the complaint there must be a modification. The action is one for a declaratory judgment and the proper procedure is not to dismiss the complaint but to declare the rights of the parties (see, e.g., *Gill v Logan,* 62 AD2d 1029). Order modified, on the law, by reversing so much thereof as dismissed plaintiffs' complaint, and judgment directed to be entered declaring that defendant Medical Liability is not obligated to defend plaintiff Whitehouse under the insurance policy it issued to Dr. Gorman, and, as so modified, affirmed, with costs. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Herlihy, JJ., concur.