■ ANTHONY J. D'ANGELO, Respondent, v EMPIRE MUTUAL INSURANCE Co., Appellant, and MICHELE RAFANIELLO et al., Respondents. (Action No. 1.) MICHELE RAFANIELLO et al., Respondents, v EMPIRE MUTUAL INSURANCE Co., Appellant. (Action No. 2.)—In actions for judgments declaring that the defendant Empire Mutual Insurance Company (hereinafter Empire) is required to defend Rocco Rafaniello and indemnify all three defendants in an underlying personal injury action, Empire appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated October 18, 1985, which granted the plaintiff D'Angelo's motion for summary judgment.

Ordered that the order is modified by (1) deleting the first decretal paragraph thereof granting D'Angelo's motion, (2) deleting the second decretal paragraph thereof and substituting therefor a provision that, upon searching the record, summary judgment is granted in Empire's favor declaring that Empire is under no obligation to either defend or indemnify Rocco Rafaniello pursuant to the terms of insurance policy No. SM-1-96-49337, and (3) deleting the third decretal paragraph thereof and substituting therefor a provision granting D'Angelo's motion only to the extent of declaring that the defendant insurer Empire shall provide coverage for the defendants Michele Rafaniello and Concetta Rafaniello in the

event that a determination of liability on their part is predicated on a finding that negligence in their ownership, maintenance or use of the insured premises was a proximate cause of the injury. As so modified, the order is affirmed, with costs to Empire.

Even construing the insurance policy liberally in favor of the insured and against the insurer *(see, Government Employees Ins. Co. v Kligler,* 42 NY2d 863), and considering the reasonable expectations of the individuals who purchased the contract *(see, Harris v Allstate Ins. Co.,* 309 NY 72, 75), Rocco Rafaniello cannot be deemed an "insured" under the policy. The clear, unambiguous language of the policy limits coverage to the two named insureds Michele and Concetta Rafaniello and other categories of persons into which their son does not fit; to expand coverage to include the son requires a rewriting of the policy, which runs counter to all the applicable legal tenets *(see, National Union Fire Ins. Co. v Medical Liab. Mut. Ins. Co.,* 85 AD2d 851, 852). Thus the defendant insurer should not be required to defend or indemnify the son of the insureds.

The record before us does not support the determination that the insurer must as a matter of law indemnify its insureds should they be found liable pursuant to any of the allegations contained in the underlying complaint *(see, Prashker v United States Guar. Co.,* 1 NY2d 584, 590, 591). Specifically, certain of those allegations assert negligent supervision of their child as a basis of the parents' liability: such a finding would result in liability of the insureds not covered by their policy, as such a finding does not involve "ownership, maintenance or use" of the insured premises. Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.