■ James F. McGuigan et al., Respondents, v Fred J. Carillo et al., Appellants, et al., Defendants.—In an action to recover damages, inter alia, for breach of contract, the defendants Fred J. Carillo, Frank Carrano, Anthony Carrano, Meck Management Corp., doing business as Grand Metro Building Company, Carrano Building Corporation, and John Cocoulidis appeal, as limited by their brief, from stated portions of an

order of the Supreme Court, Queens County (Graci, J.), dated August 15, 1988, which, *inter alia*, granted that branch of the plaintiffs' motion which was for partial summary judgment as to liability on the cause of action to recover damages for breach of contract and to set the matter down for an assessment of damages.

Ordered that the order is modified by deleting the first and fourth decretal paragraphs thereof and substituting therefor a provision denying that branch of the plaintiffs' motion which was for partial summary judgment on the cause of action to recover damages for breach of contract and to set the matter down for an assessment of damages; as so modified the order is affirmed insofar as appealed from, without costs or disbursements.

On December 16, 1983, James F. McGuigan and Sons Associates (hereinafter McGuigan), as buyer, entered into a contract to purchase real property located at 47-06 Grand Avenue, Maspeth, New York, from the defendant Grand Metro Building Company (hereinafter Grand Metro).

Following the closing of title, the plaintiff Superior Accoustics Inc., stored certain acoustical tiles on the premises which were allegedly damaged by water, and this action ensued.

We find that the court improperly granted partial summary judgment to the plaintiffs on their breach of contract cause of action due to the existence of numerous issues of fact. These issues include, but are not limited to, the nature and extent of Grand Metro's contractual obligations, whether the alleged dampness was caused by the plaintiffs' own culpable conduct, and whether the work performed by the codefendant Wachsberger was satisfactory. We conclude, therefore, that the plaintiffs failed to establish a prima facie entitlement to judgment as a matter of law *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851; *Anderson v Betz,* 150 AD2d 743).

We note that contrary to the appellants' contentions, Fireman's Fund Insurance Companies is not precluded from maintaining this action, on behalf of its insureds, the plaintiffs, on the ground that it is thereby improperly subrogating against its additional insured, the defendant Grand Metro. Under the circumstances of this case, it is clear that Grand Metro has no property interest in the acoustical tiles which are the subject of the casualty loss *(see, e.g., Tishman Co. v Carney & Del Guidice,* 34 NY2d 941; *see generally,* 3 Couch, Insurance 2d § 24:1 [rev ed]). Lawrence, J. P., Kunzeman, Rosenblatt and Miller, JJ., concur.