OPINION OF THE COURT
Arthur W. Lonschein, J.
During the trial of this action, the attorney for the plaintiffs *882 sought to read the deposition of the plaintiff which was taken by the defendant as an adverse party to the plaintiff. The plaintiff himself is presently in the State of Florida, and is not infirm, imprisoned, ill or unable to attend the trial because of age. Instead, according to his lawyer, he has no interest in this lawsuit, is afraid of flying and cannot be inconvenienced because he runs a business in Florida, and for these reasons his deposition is sought to be read. The defendant has objected to this procedure.
This action brought by the plaintiffs, charges breach of contract and resulting property damages sustained as a result of the breach. The plaintiff, James F. McGuigan, purchased a building to be used as a warehouse from the principal defendants and in an agreement executed at the closing which was not merged into but which by its terms survived the delivery of the deed, those defendants were obligated within certain time limits to repair the roof of the building. The plaintiff contended by his proof at the trial that the roof was not repaired pursuant to the agreement resulting in water damage to the materials stored in the building for which he now seeks recovery. The damage was to certain property, title of which was in the name of a corporation entirely owned by Mr. McGuigan and which I find to be his alter ego. The testimony given at the deposition by Mr. McGuigan, according to his counsel, is crucial to his prima facie case if Mr. McGuigan were not to testify on the trial.
CPLR 3117 governs the admissibility on the trial of depositions, provides in pertinent part,
"(a) * * * At the trial * * * any part or all of a deposition, so far as admissible under the rules of evidence, may be used in accordance with any of the following provisions * * *
"2. the deposition of a party * * * may be used for any purpose by any adversely interested party; and "3. the deposition of any person may be used by any party for any purpose against any other party * * * provided the court finds * * *
"(ii) that the witness is at a greater distance than one hundred miles from the place of the trial or is out of the state, unless it appears that the absence of the witness was procured by the party offering the deposition”.
The general rule under CPLR 3117 (a) (2) subject to the exceptions set forth in paragraph (3) of that subdivision is that depositions may be introduced only by an adverse party and
*883 not by the party giving the deposition. (United Bank v Cambridge Sporting Goods, 41 NY2d 254, 263.) However there are exceptions to that rule; one of which permits a party’s attorney to read into the evidence that party’s deposition where the party is ill and unable to come to court. (CPLR 3117 [a] [3] [iii]; Wojtas v Fifth Ave. Coach Corp., 23 AD2d 685.) CPLR 3117 (a) articulates the fundamental rule that depositions may be introduced only so far as the rules of evidence permit. The basis for this rule is the fact that matter contained in these discovery devices constitutes hearsay and is admissible as evidence-in-chief only insofar as a hearsay exception is available. (United Bank v Cambridge Sporting Goods, supra; 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3117.04.) Hence, a deposition may always be used to impeach a deponent since impeachment does not by definition raise any hearsay problems. So too, may the deposition of a party be put in evidence by an adverse party because the statute expressly permits such a procedure (Spampinato v A. B. C. Consol. Corp., 35 NY2d 283; Jobse v Connolly, 60 Misc 2d 69). But where the party offers his own deposition, the hearsay rule presents a barrier to admission (United Bank v Cambridge Sporting Goods, supra, at 264; Jobse v Connolly, supra). To invoke the exceptions permitting the introduction of such evidence the proponent must come forward with appropriate proof of illness, age infirmity, death or imprisonment (CPLR 3117 [a] [3] [i], [iii]). The excuse tendered by counsel with respect to illness is that the plaintiff has a "fear of flying”. This is no excuse, since there are alternative means of appearing in person at the trial: Amtrak, Greyhound, Route 1-95 or if it pleases Mr. McGuigan, limousine. Nor does it suffice to argue that the witness is out of the State or is 100 miles from the courthouse (CPLR 3117 [a] [3] [ii]) since his absence from the State was procured by himself, by voluntarily leaving the State as he did (CPLR 3117 [a] [3] [ii) and by refusing to return although requested by his counsel as the record indicates. (See, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3117:8, at 576; Jobse v Connolly, supra.)
The plaintiff does not, therefore, come under any of the provisions of CPLR 3117 which would allow his attorney to read his deposition into evidence on his direct case.
Counsel seeks to avoid this result, by presenting the novel argument, that since that plaintiff is a subrogor of Fireman’s Fund Insurance Company, the subrogee is the "real party in interest,” and the "party” description in CPLR 3117 should be *884 interpreted to mean the real party in interest rather than the nominal party. Therefore, proceeds the argument, McGuigan’s deposition may be read since he is a stranger to the action. Although the action is brought in McGuigan’s name as plaintiff, there is nothing in the complaint or in the bill of particulars which alleges the subrogee’s interest in this lawsuit. However, a subrogee has the choice to use its own name or bring the action in the name of its subrogor against a party who caused damage to the subrogor. (CPLR 1004 ["an * * * insured person who has executed to his insurer * * * a * * * subrogation receipt * * * may sue * * * without joining with him the person for * * * whose interest the action is brought.”]) The Appellate Division in a prior appeal in this matter (McGuigan v Carillo, 165 AD2d 811) noted Mr. McGuigan’s status as subrogor and the defendants have conceded that this is an action brought by Fireman’s Fund Insurance Company as a subrogee as it had the right to do. Nevertheless, the defendant takes the position that the subrogee having chosen to bring the action in the name of the subrogor for its own tactical advantage and thus having succeeded to all of the rights of a party in the lawsuit, it is also bound by any restrictions or any rules which affect the nominal party.
Counsel for the plaintiff has candidly conceded that the action was brought in the name of the subrogor in order not to disclose to the jury the insurance company’s interest in the lawsuit. In all prior proceedings, Mr. McGuigan and the other plaintiffs were represented to the defendants as a party to the lawsuit rather than nonparties. When James McGuigan’s deposition was taken pursuant to CPLR 3110, he was produced not as a witness but as the actual party. If it were claimed at the time of the deposition that he was a nonparty, counsel for the defendants would have been required to take his deposition as a witness by serving him with a subpoena. CPLR 3106 (b) reads "Witnesses. Where the person to be examined is not a party * * * he shall be served with a subpoena” (emphasis added). When a motion was made and granted to exclude all witnesses other than parties, Kenneth McGuigan, a named plaintiff and a potential witness, was permitted by counsel to remain in the courtroom during the testimony of witnesses called by plaintiff’s counsel on grounds he was a party. Counsel for the plaintiff has conceded that a verdict for the defendant would not be entered as a judgment against the subrogee but against the subrogor, the named party. (CPLR 8101.)
*885 Nevertheless, Mr. McGuigan is not entirely without interest in this lawsuit. While he may not lose or gain anything directly from the verdict, he has an obligation to cooperate with the subrogee and his failure to do so may impose liability upon him. When counsel for the plaintiff informed the court that Mr. McGuigan would not appear, the court advised counsel to inform Mr. McGuigan that his failure to appear may subject him to liability because of his acceptance of the benefits of his insurance policy and his failure to cooperate with his subrogee pursuant to the terms of the policy. Following a weekend recess, counsel again informed the court of Mr. McGuigan’s refusal to appear, although he refused to divulge the entire content of his conversation with Mr. McGuigan on the ground that it was a confidential communication.
The CPLR makes no distinction between a nominal party or a real party in interest. Its provisions apply to all parties equally, and do not make special dispensation for those suing in the name of another. Fireman’s Fund exercised its right to make Mr. McGuigan the sole named plaintiff. Having done so, he is made a party in all respects, bound by all of the rules applicable to parties generally. Since none of the exceptions of CPLR 3117 apply, his deposition may not be read on the plaintiffs direct case.
The objection is sustained.