■ CNA INSURANCE COMPANY, Appellant, v CARL R. CACIOPPO ELECTRICAL CONTRACTORS, INC., Respondent. [616 NYS2d

187] —In a negligence action to recover damages for property damage, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Meehan, J.), dated April 3, 1992, which, upon a jury verdict, is in favor of the defendant and against it dismissing the complaint.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

Prior to trial, but after the jury was selected, the trial court granted the defendant's motion to substitute CNA Insurance Company as the plaintiff in place of its subrogors, Eric and Deborah Kurtzman, whose home had been damaged by a fire allegedly caused by the defendant's negligence. The defendant argued, and the trial court concurred, that under *Agway Ins. Cos. v Williamson* (162 AD2d 968), it was mandatory for the insurance company to be substituted as the plaintiff where it had fully compensated the insureds for their loss, since the insurance company was the real party in interest. We disagree.

CPLR 1004, the exception to the real party in interest rule, provides that an insured person who has executed a subrogation receipt or other similar agreement may sue without joining the person for whose interest the action is brought. This section was enacted to prevent the prejudicial effect upon a plaintiff's ability to recover for losses which often results when it is disclosed to the jury that the loss was covered by insurance *(see, Point Tennis Co. v Irvin Indus. Corp.,* 63 AD2d 967; *see also, Krieger v Insurance Co.,* 66 AD2d 1025). Moreover, in the past this Court has recognized the right of an insurer to commence an action on behalf of its insured even where there is a subrogation agreement between the parties *(see, Point Tennis Co. v Irvin Indus. Corp., supra; McGuigan v Carillo,* 165 AD2d 811). Neither the case law nor the statute require that the insurance company be substituted as the plaintiff under such circumstances, therefore, it was error for the trial court to have granted the defendant's application.

Contrary to the defendant's contention, the result in *Agway Ins. Cos. v Williamson (supra)* is not inconsistent, as the Court there held that under the facts of that case, where the insurer had completely reimbursed the insured for the loss, it was appropriate that the insurance company be substituted as the plaintiff. The *Agway* Court did not hold, however, that whenever an insurance company has paid the insured in full, it must be substituted as the plaintiff. In any event, in the instant case, there is evidence in the record that the insurance

company did not pay its insureds in full prior to the beginning of trial.

Further, it was error for the trial court to admit the testimony of the defendant's expert describing a test conducted upon electrical cable for the purpose of demonstrating how the fire in the insureds' home occurred, and whether it was caused by a short in the electrical cable. The result of an experiment or test is admissible only if the conditions under which it is conducted are sufficiently similar to those existing at the time of the event to which they relate so that the result achieved by the experiment or test is relevant to the issue to be proven *(see, Weinstein v Daman,* 132 AD2d 547, 549; *see also, People v Cohen,* 50 NY2d 908; *People v Acevedo,* 40 NY2d 701).* In the present case, the defendant failed to offer a sufficient foundation as to the circumstances under which the test was conducted, and there was evidence in the record that the condition of the electrical cable used in the experiment was not sufficiently similar to the condition of the cable which purportedly caused the fire. Thus, the results achieved by the test were not helpful and relevant to prove the cause of the fire *(cf., Norfleet v New York City Tr. Auth.,* 124 AD2d 715; *see also, Washington v Long Is. R. R. Co.,* 13 AD2d 710). Thompson, J. P., O'Brien, Ritter and Krausman, JJ., concur.