OPINION OF THE COURT
Geoffrey J. O’Connell, J.
Defendant insurance company seeks an order striking the *817 complaint and granting it summary judgment declaring that it has no obligation to defend or indemnify plaintiffs in an underlying personal injury action. Plaintiffs oppose and seek an order granting them summary judgment declaring that the defendant insurer must defend and indemnify them in that action.
Plaintiffs own two residences, one in Woodsburgh, New York, and one in East Hampton, New York. Plaintiffs purchased insurance for their primary residence from defendant Aetna Casualty and Surety Company (Aetna) through defendant Victor B. Siegel (Siegel) and were insured by defendants when they purchased their secondary residence at 8 Ely Circle, East Hampton. They purchased a secondary insurance policy on that residence in effect from November 15, 1989 through November 15, 1990.
During the summer of 1990, during the period of coverage from defendants, a third party, Wendy Toplitz, alleges that she was at the Ely Circle residence when she fell and was injured. She brought an action against plaintiffs, as the homeowners, alleging that her injuries were caused by their negligence. That action is pending in Supreme Court, New York County.
Plaintiffs contend that under the terms of their insurance policy with Aetna, Aetna is obliged to defend them and indemnify them for any damages awarded in Ms. Toplitz’s personal injury suit. Aetna contends that under the terms of the policy on the Ely Circle residence, it has no obligation to defend or indemnify plaintiffs.
Plaintiffs bring this action seeking a declaratory judgment that Aetna and Siegel must defend and indemnify pursuant to the policy. Aetna and Siegel seek a declaratory judgment stating that they have no such obligation and have filed cross claims against each other for indemnification.
Aetna claims that the policy issued to this secondary residence had only first-party liability coverage. Such coverage reimburses only the insureds for losses which they incur as a result of injuries to themselves or to property they own and lease. It claims that the policy provides no coverage for guests or other third persons.
The declaration sheet of the Ely Circle policy states "For personal liability and medical payments coverage see your primary policy 210 SH 16089170 PC A” (defendant’s exhibit I). Aetna contends that the absence of anything further means *818 this policy has no liability coverage for claims or suits brought against the insured for damage because of property damage or bodily injury caused by an occurrence. Aetna claims that since there are no limits of liability listed on the declarations page of the policy there is no coverage.
Aetna makes this argument pointing out that this Ely Circle policy refers to the primary coverage policy on plaintiffs’ primary residence at 97 Birch Lane, Woodsburgh. Aetna notes that the Birch Lane policy clearly states that its coverage is limited to that primary residence only.
Based, on this wording and reading both policies together, Aetna contends that it has no duty to defend or indemnify plaintiffs in the personal injury action. Aetna claims that plaintiffs did not pay for additional coverage for the secondary premises and there was no extended coverage or endorsement under either policy stating such specific coverage for the Ely Circle residence.
An insurer has no obligation to defend or indemnify the insured for actions based on claims not covered by policy or which are expressly excluded from coverage. (D’Angelo v Empire Mut. Ins. Co., 125 AD2d 533 [2d Dept 1986].) An insured will not be obliged to defend in a personal injury action where the endorsement in an insurance policy specifically excludes such actions from coverage. (Ryan v Insurance Co., 34 AD2d 837 [2d Dept 1970].)
Since the duty to defend is broader than the duty to indemnify, a declaration that there is no duty to defendant can be made only if the court can conclude as a matter of law that there is no factual or legal basis on which the insurer might eventually be held obligated to indemnify under any provision of the policy. (Hanover Ins. Co. v Sage, 123 AD2d 602 [2d Dept 1986].) Where a doubt exists as to the dates to defend it is to be resolved in the insured’s favor. (International Hormones v Safeco Ins. Co., 57 AD2d 857 [2d Dept 1977].)
If an insurer is to be relieved of duties to defend, it must demonstrate that the allegations in the underlying complaint place that pleading solely and entirely within exclusions from the policy and that his interpretation is subject to no other interpretation. (Dayton Beach Park No. 1 Corp. v National Union Fire Ins. Co., 175 AD2d 854 [2d Dept 1991]; Munzer v St. Paul Fire & Mar. Ins. Co., 145 AD2d 193 [3d Dept 1989].)
The court has reviewed the insurance policy issued by Aetna to plaintiffs on the Ely Circle residence and finds sev *819 eral ambiguities. At no place in the policy does it specifically state that plaintiffs did not have coverage for personal injury of third persons. In the declaration page, where "coverages and liabilities” are listed, the policy lists dollar figures for coverage to the dwelling, other structures, personal property, loss of use and states "for personal liability and medical PAYMENTS COVERAGE SEE YOUR PRIMARY POLICY”. (Defendant’s exhibit I.) If Aetna was not insuring for any losses to third persons, the policy could have explicitly stated so in that provision. The fact it does not, and only refers to the primary policy, is ambiguous, as the reader could easily interpret this declaration to mean that the coverage and liability limits in this policy on this residence were the same as those he purchased on his primary residence.
A review of the remainder of the policy does not indicate any unambiguous provisions which would make that interpretation impossible or implausible. In fact, in section I, coverage E, the policy reads that "if a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, even if it is false, we will * * * pay up to our limit for the damages for which the insured is legally liable; and * * * provide a defense at our expense”. (Defendant’s exhibit I.) If there was no such coverage, the inclusion of this provision of section I has no meaning. Contracts are to be interpreted in a manner that provides all of the terms with meaning.
The court also notes that the type of negligence and injury alleged in the underlying personal injury action is not listed under the explicit list of policy exclusions in section II of the policy on the Ely Circle residence.
While Aetna claims that plaintiffs were not paying for such liability coverage, it offers no proof to support that contention, or that plaintiffs were aware of that fact. The affidavit from Aetna’s representative does not indicate that he personally had any discussions with the plaintiffs to inform them of that lack of "third-party coverage”. Defendants offer no evidence of any explicit or unambiguous terms in the parties’ agreement or negotiations to demonstrate that the plaintiffs could not have reasonably interpreted this policy to include coverage for suits brought by third persons. Thus, the written contract speaks for itself. While Aetna claims that the manner in which it filled out the blanks in the declaration sheet requires an interpretation that the policy did not provide, liability coverage, the court cannot agree.
*820 An insurance policy should be construed liberally in favor of the insured in full recognition of the underlying objective to provide coverage, not exclude it. (York v Sterling Ins. Co., 114 AD2d 665, affd 67 NY2d 823.) Where there is an ambiguity as to the existence of coverage, doubt is to be resolved in favor of the insured and against the insurer. (Handelsman v Sea Ins. Co., 85 NY2d 96 [1994]; Matter of Aetna Cas. & Sur. Co. v Cinisomo, 197 AD2d 683 [2d Dept 1993].)
Based on the evidence and proof presented, plaintiffs’ motion for summary judgment is granted, as it cannot be said, as a matter of law, there may be no duty. (Emery v Capital Mut. Ins. Co., 151 AD2d 854 [3d Dept 1989].) Defendant Aetna, pursuant to the policies in question, is obligated to defend and indemnify plaintiffs in the underlying personal injury action and provide coverage up to the $300,000 limit as stated in the primary coverage policy and referenced in the policy covering the Ely Circle residence. Plaintiffs’ motion for attorney’s fees and costs related to this application is also granted. (Continental Cas. Co. v Rapid-American Corp., 177 AD2d 61 [1st Dept 1992].)