In an action to recover damages for personal injuries, nonparty New York Central Mutual Fire Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated August 7, 2007, as denied its motion for leave to substitute itself, as subrogee of the plaintiff, for the plaintiff in the instant action, to substitute counsel, and to amend the caption accordingly.
Ordered that the order is affirmed insofar as appealed from, with costs.
“CPLR 1004, the exception to the real party in interest rule, provides that an insured person who has executed a subrogation receipt or other similar agreement may sue without joining the person for whose interest the action is brought” (CNA Ins. Co. v Cacioppo Elec. Contrs., 206 AD2d 399, 400 [1994]). While an insurer also has the right to commence an action on behalf of its insured even where there is a subrogation agreement between the parties, “[n]either the case law nor the statute require that the insurance company be substituted as the plaintiff under such circumstances” (id. at 400; see generally Krieger v Insurance Co. of N. Am., 66 AD2d 1025 [1978]; Point Tennis Co. v Irvin Indus. Corp., 63 AD2d 967 [1978]).
Here, pursuant to the release and trust agreement (hereinafter the release) executed by the plaintiff upon receipt of the underinsured motorist benefits paid to him by the nonparty appel *504 lant (hereinafter the insurer), the plaintiff agreed, inter alia, to “hold any moneys received as a result of settlement or judgment in trust for the [insurer] to be paid to said [insurer] immediately upon recovery thereof provided that any sum received in excess of the amount paid by the [insurer] . . . shall be retained by the [plaintiff].” “The meaning and coverage of a general release necessarily depends upon the controversy being settled and upon the purpose for which the release was given. A release may not be read to cover matters which the parties did not intend to cover” (Gale v Citicorp, 278 AD2d 197 [2000]; see generally Kaminsky v Gamache, 298 AD2d 361, 361-362 [2002]).
The purpose of the release in this case was to protect the insurer’s subrogation claim while also protecting the right of the plaintiff to retain any recovery in excess of the insurer’s subrogation claim. Thus, where, as here, the plaintiff seeks damages in excess of the insurer’s subrogation claim, the release cannot be interpreted to require the substitutions requested by the insurer (cf. Faraino v Centennial Ins. Co., 103 AD2d 790 [1984]; Skinner v Klein, 24 AD2d 433, 434 [1965]).
Accordingly, the Supreme Court properly denied the insurer’s motion. Mastro, J.E, Skelos, Covello and Leventhal, JJ., concur.