CHS, Inc. v Land O'Lakes Purina Feed, LLC (2021 NY Slip Op 04860)





CHS, Inc. v Land O'Lakes Purina Feed, LLC


2021 NY Slip Op 04860


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


587 CA 20-00625

[*1]CHS, INC., PLAINTIFF-RESPONDENT,
v
LAND O'LAKES PURINA FEED, LLC, AND COMMODITY RESOURCE CORP., DEFENDANTS-APPELLANTS. 






HAWORTH BARGER GERSTMAN, LLC, NEW YORK CITY (BARRY L. GERSTMAN OF COUNSEL), FOR DEFENDANT-APPELLANT COMMODITY RESOURCE CORP. 
FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC, NEW YORK CITY (ROBERT B. MEOLA OF COUNSEL), FOR DEFENDANT-APPELLANT LAND O'LAKES PURINA FEED, LLC. 


 Appeals from an order of the Supreme Court, Livingston County (J. Scott Odorisi, J.), dated April 22, 2020. The order denied the cross motions of defendants for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the cross motions are granted and the claims for damages to the property of nonparty Mosaic Crop Nutrition, LLC are dismissed.
Memorandum: Plaintiff commenced this action for, inter alia, damages sustained after a fire at a bulk storage warehouse leased by defendant Commodity Resource Corp. and subleased to defendant Land O'Lakes Purina Feed, LLC. At the time of the fire, plaintiff was storing tons of bulk fertilizer it owned as well as bulk fertilizer owned by its nonparty customer, Mosaic Crop Nutrition, LLC (Mosaic). That fertilizer was destroyed by the fire. Plaintiff moved for leave to amend its complaint to, inter alia, join Mosaic as a plaintiff in the action, and defendants cross-moved for partial summary judgment dismissing plaintiff's claims for damages to the Mosaic property. In support of their cross motions, defendants contended, inter alia, that plaintiff lacked standing to bring those claims inasmuch as plaintiff had been made whole for all of its losses by its nonparty insurer and thus plaintiff was not the real party in interest. Plaintiff ultimately withdrew its motion for leave to amend the complaint to join Mosaic. Defendants appeal from an order denying their cross motions, and we reverse.
We agree with defendants that Supreme Court erred in sua sponte addressing the admissibility of the evidence proffered by defendants in support of the cross motions inasmuch as plaintiff failed to raise any objection on that ground before the court (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 202 [2d Dept 2019]; see generally Matter of Kellogg v Kellogg, 300 AD2d 996, 996-997 [4th Dept 2002]).
Thus, regarding the merits, we conclude that defendants met their initial burden on their cross motions of establishing as a matter of law that plaintiff lacked standing to pursue claims for damages arising out of the damage to the property of Mosaic. As a general rule, a party does not have standing to assert claims on behalf of another (see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 773 [1991]). "Whether a person seeking relief is a proper party to request an adjudication is an aspect of justiciability which must be considered at the outset of any litigation" (Matter of Dairylea Coop. v Walkley, 38 NY2d 6, 9 [1975]). In order to have standing in a particular dispute, a party must demonstrate an injury in fact that falls within the relevant zone of interest sought to be protected by law (see Matter of Fritz v Huntington Hosp., 39 NY2d 339, 346 [1976]). Here, it is undisputed that plaintiff did not suffer any loss related to the [*2]damage to Mosaic's property. Indeed, plaintiff had no ownership interest in that property. While plaintiff paid Mosaic for the amount of the loss, plaintiff was fully reimbursed by its insurer. Thus, plaintiff did not suffer any injury in fact related to the damage of Mosaic's property (see generally Agway Ins. Co. v Williamson, 162 AD2d 968, 968 [4th Dept 1990]).
In opposition, plaintiff failed to raise an issue of fact. CPLR 1004 provides an exception to the real party-in-interest rule whereby an insured who has executed a subrogation receipt or other similar agreement may sue without joining the insurer for whose interest the action is brought (see CNA Ins. Co. v Cacioppo Elec. Contrs., 206 AD2d 399, 400 [2d Dept 1994]). That section "was enacted to prevent the prejudicial effect upon a plaintiff's ability to recover for losses which often results when it is disclosed to the jury that the loss was covered by insurance" (id.). In a similar vein, equitable subrogation "entitles an insurer to stand in the shoes of its insured to seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse" (ELRAC, Inc. v Ward, 96 NY2d 58, 75 [2001] [internal quotation marks omitted]), which is not the case here. Here, while plaintiff maintained that it was pursuing the relevant claims on behalf of the insurer, plaintiff failed to proffer any subrogation receipt or other similar agreement between the insurer and Mosaic. Furthermore, plaintiff is the insured, not Mosaic, and thus nothing entitled plaintiff to bring the relevant claims on behalf of the insurer for the damage to Mosaic's property (cf. Henderson v Aetna Cas. & Sur. Co., 81 AD2d 702, 703 [3d Dept 1981], affd 55 NY2d 947 [1982]). Thus, we conclude that the court erred in denying defendants' cross motions.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court