CHS, Inc. v Land O'Lakes Purina Feed, LLC (2023 NY Slip Op 05071)

CHS, Inc. v Land O'Lakes Purina Feed, LLC

2023 NY Slip Op 05071

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND NOWAK, JJ.

655 CA 22-00450

[*1]CHS, INC., PLAINTIFF-RESPONDENT,
v
LAND O'LAKES PURINA FEED, LLC, DEFENDANT-APPELLANT, ET AL., DEFENDANT. 

FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC, NEW YORK CITY (ROBERT B. MEOLA OF COUNSEL), AND BOUSQUET HOLSTEIN PLLC, SYRACUSE, FOR DEFENDANT-APPELLANT. 
KENNEDY LILLIS SCHMIDT & ENGLISH, NEW YORK CITY (NATHAN T. WILLIAMS OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Livingston County (J. Scott Odorisi, J.), entered March 2, 2022. The order granted plaintiff's motion for leave to file an amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action for, inter alia, damages sustained after a fire at a bulk storage warehouse leased by defendant Commodity Resource Corp. and subleased to defendant Land O'Lakes Purina Feed, LLC (Land). At the time of the fire, plaintiff was storing bulk fertilizer it owned as well as bulk fertilizer owned by its customer, Mosaic Crop Nutrition, LLC (Mosaic). That fertilizer was destroyed by the fire. On a prior appeal, we reversed an order that denied defendants' cross-motions for partial summary judgment dismissing plaintiff's claims for damages to the Mosaic property (CHS, Inc. v Land O'Lakes Purina Feed, LLC, 197 AD3d 973, 974-975 [4th Dept 2021]). Plaintiff subsequently moved for leave to amend its complaint, inter alia, to join Mosaic as a plaintiff in the action. Land now appeals from an order granting plaintiff's motion. We affirm.
"Generally, [l]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit . . . , and the decision whether to grant leave to amend a [pleading] is committed to the sound discretion of the court" (Weldon v McMahon, 207 AD3d 1046, 1047 [4th Dept 2022] [internal quotation marks omitted]). Here, plaintiff established that the relation-back doctrine applied for statute of limitations purposes with respect to adding Mosaic, because the proposed claims concerning the damage suffered by Mosaic were based on the same facts and occurrence as plaintiff's prior claims concerning the damage to the Mosaic property and thus related back to the original complaint (see CPLR 203 [f]; Wojtalewski v Central Sq. Cent. Sch. Dist., 161 AD3d 1560, 1561 [4th Dept 2018]; Taylor v Deubell, 153 AD3d 1662, 1662 [4th Dept 2017]). In opposition to the motion, defendants failed to establish that they would be prejudiced by plaintiff's delay in seeking leave to amend the complaint (see Wojtalewski, 161 AD3d at 1561; see generally Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]).
Land further contends that the proposed amendment is patently devoid of merit because Mosaic lacks standing and the proposed amended complaint fails to comply with CPLR 1004. We reject that contention (see generally Holst v Liberatore, 105 AD3d 1374, 1374 [4th Dept 2013]).
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court