■ JOSEPH CUSANO et al., Respondents, v GENERAL ELECTRIC COMPANY, Also Known as KNOLLS ATOMIC POWER LABORATORY, et al., Appellants, et al., Defendants. (And a Third-Party Action.) — Levine J. Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered June 15, 1984 in Schenectady County, which denied motions by defendants General Electric Company, Defense Apparel Anti-C Protection, Inc., and Defense Apparel, Inc., for summary judgment dismissing the complaint as against them.

The record discloses that plaintiff Joseph Cusano (hereinafter plaintiff) was employed at a nuclear reactor site in West Milton, Saratoga County, when, on August 2, 1976, he was exposed to radioactive materials. In November 1976, plaintiff was diagnosed as suffering from a malignant tumor on his neck. He and his wife subsequently brought the instant negligence action against, *inter alia,* General Electric Company (GE), which was responsible for the maintenance and management of the site, and Defense Apparel Anti-C Protection, Inc., and Defense Apparel, Inc. (Defense), which had manufactured the protective garments worn by plaintiff at the time of the incident in question.

GE then brought a motion for summary judgment, joined in by Defense, on the ground that there were no triable issues of fact. In support of this motion, GE submitted the affidavit of its medical expert, Dr. Clarence C. Lushbaugh, affirming that one exposure to radioactive material could not have caused the type of cancer which plaintiff had contracted. In opposing the motion,

plaintiffs submitted the affidavit of its medical expert, Dr. William Newey, who stated that it would be impossible for "anyone to say anything that was not a question of fact" regarding plaintiff's condition without (as was the case with Lushbaugh) having physically examined him. Special Term denied the motion on the ground, *inter alia,* that the credibility of GE's expert had been questioned by plaintiffs and that issues of credibility cannot be determined by summary judgment. This appeal by GE and Defense (hereinafter defendants) ensued.

It is defendant's contention that Special Term erred in denying their motion. While they concede that the moving papers raised an issue of credibility as to Lushbaugh's affidavit, they argue that this is irrelevant since plaintiffs failed to sustain their burden of proving that defendants' allegedly negligent actions were the proximate cause of plaintiff's illness. We agree.

Where the moving party has demonstrated its entitlement to summary judgment, the opposing party must demonstrate by admissible evidence the existence of a triable factual issue or must proffer a valid excuse for the failure to do so (*Zuckerman v City of New York,* 49 NY2d 557, 560). Here, GE submitted the opinion of its medical expert that the type of cancer with which plaintiff was afflicted has its genesis in events which take place in prenatal development and that it was not of a type which could have been caused by plaintiff's exposure to radioactive material. Defendants thereby demonstrated their right to summary judgment. This in turn compelled plaintiffs to demonstrate by admissible evidence the existence of a factual issue requiring a trial, or an excuse for failing to do so (*see, Mailloux v Spuck,* 87 AD2d 736, 737, *lv denied* 56 NY2d 507). Plaintiffs failed to provide either. Their moving papers include their expert's statement that GE's expert lacked the proper foundation for his opinion. However, they provided no evidence that plaintiff's exposure to radiation was the cause of his cancer. Since plaintiffs failed to show that their causes of action had merit, i.e., by failing to establish that defendants' negligence was a proximate cause of plaintiffs' harm, summary judgment should have been granted to defendants (*see, Lomnitz v Town of Woodbury,* 81 AD2d 828, 829). Once defendants submitted proof in evidentiary form negating causation, plaintiffs were obligated to lay bare their proof establishing that element of their cause of action. Evidence merely casting doubt on the credibility of defendants' expert did not suffice.

Order reversed, on the law, without costs, motions granted and complaint dismissed as to defendants General Electric Company, Defense Apparel Anti-C Protection, Inc., and Defense

Apparel, Inc. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.