■ FRANKLIN W. GONYEA, JR., Respondent, v WILLARD D. FOLGER, Doing Business as THE AMERICAN HOUSE, Appellant. —Levine, J. Appeal from an order of the Supreme Court (Dier, J.), entered January 29, 1987 in Washington County, which denied defendant's motion for summary judgment dismissing the complaint.

In the early morning hours of June 9, 1985, plaintiff was assaulted by an unknown individual while both were patrons at defendant's tavern and after the assailant had been served a single beer. Plaintiff commenced this action against defendant on theories of common-law negligence and liability under the Dram Shop Act (General Obligations Law § 11-101). After issue was joined, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion and defendant has appealed. The appeal, however, is directed solely to Supreme Court's denial of summary judgment regarding plaintiff's second cause of action alleging Dram Shop Act liability.

In order to establish a vendor's liability under the Dram Shop Act, plaintiff must prove an illegal sale of alcohol. Such prohibited sales, as statutorily defined at the time of the incident, included sales to an "intoxicated person or to any person, actually or apparently, under the influence of liquor" (Alcoholic Beverage Control Law former § 65 [2]).

Defendant concedes that the assailant had been served a single beer at the tavern but argues that the transaction was not an illegal sale because there was no evidence which would have put defendant on notice of the assailant's intoxication at the time he was served (see, McNally v Addis, 65 Misc 2d 204, 216). In support of his motion for summary judgment, defendant submitted the affidavits of two witnesses. One of the affiants was Cheryl Little, a bartender on the night in question, and the other was Laura Papps, a patron who was next to plaintiff when he was struck on the head with a beer bottle. Both affiants stated that they had observed the assailant while he was in the tavern, that he was served only a single beer and that he had exhibited no signs of intoxication or aggression prior to striking plaintiff. This evidence was sufficient to negate an illegal sale and, thus, to shift the burden to plaintiff to produce evidence in admissible form sufficient to create an issue of fact as to whether an illegal sale took place (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324).

Plaintiff alleges in his own affidavit opposing defendant's motion that both bartenders on duty that evening appeared to be intoxicated. Since this contention challenges only the credibility of Little, it is insufficient to create an issue of fact as to the assailant's intoxication at the time he was served (see, Cusano v General Elec. Co., 111 AD2d 557, 558, affd 66 NY2d 844). Plaintiff's affidavit also contains a hearsay allegation that another patron had been threatened by plaintiff's assailant shortly before plaintiff was assaulted. Although plaintiff

names the individual who was allegedly threatened and others who witnessed this incident, he failed to provide any affidavits from those with firsthand knowledge of the incident, nor has he offered an excuse for this omission.

Indeed, all of the factual averments in plaintiff's affidavit and deposition bearing on the attacker's intoxicated condition, apart from the assault itself, are inadmissible hearsay and hence insufficient to defeat summary judgment (see, Zuckerman v City of New York, 49 NY2d 557, 562; Hansel'n Gretel Brand v Allstates Food Corp., 86 AD2d 858, 859).

The only facts supported by plaintiff's firsthand knowledge were (1) his recollection of looking over at the table where his assailant was seated and noticing that the two men at the table seemed to be staring at him, and (2) that shortly thereafter he was struck from behind with a beer bottle. Plaintiff contends that this act of unprovoked aggression was sufficient to create an issue of fact as to whether the assailant was intoxicated at the time he was earlier served. In essence, it is argued that the subsequent assault itself is sufficiently indicative of intoxication to support an inference that an illegal sale occurred under Alcoholic Beverage Control Law former § 65. We reject this contention. Where, as here, plaintiff's only evidence of an illegal sale is a later act of unexplained aggression by the patron, such evidence is insufficient as a matter of law to create a factual issue as to the assailant's intoxication. Based on the foregoing, we conclude that there was no evidence of an illegal sale by defendant to create a triable issue and that Supreme Court should have dismissed the claim alleging Dram Shop Act liability.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment dismissing plaintiff's second cause of action; said cause of action dismissed; and, as so modified, affirmed. Mahoney, P. J., Casey, Mikoll, Levine and Harvey, JJ., concur.