■ CYNTHIA TERBUSH, Individually and as Administratrix of the Estate of THOMAS TERBUSH, Deceased, and as Natural Guardian of KACIE TERBUSH and Another, Infants, Appellant, v CAROL BUCHMAN et al., Defendants,· and ALLEN MENDELS, Individually and Doing Business as THE NUGGET, Respondent. —Kane, J. Appeal (1) from an order of the Supreme Court (Klein, J.), entered May 9, 1988 in Sullivan County, which granted defendant Allen Mendels' motion for summary judgment dismissing the complaint and all cross claims against him, and (2) from the judgment entered thereon.

At approximately 10:00 P.M. on January 31, 1986, as defendant Carol Buchman was driving home, her vehicle struck two vehicles which were stopped and facing her in the lane opposite to the one in which she was traveling. As a result, Thomas Terbush was killed. Terbush's wife, plaintiff, and their two children were in one of the vehicles and witnessed the accident. Plaintiff then commenced this action on behalf of herself, the two children and as administratrix of her husband's estate. In addition to suing Buchman, plaintiff also named the owners of three bars which Buchman had visited earlier on the evening of the accident. It was alleged that they violated General Obligations Law § 11-101 by illegally selling alcohol to Buchman in that they knew or should have known that she was intoxicated at the time they sold her alcoholic beverages. All defendants cross-claimed against each other.

One of the bars which Buchman had visited was known as The Nugget and was owned by defendant Allen Mendels. After all the parties answered and conducted pretrial discovery, Mendels moved for summary judgment dismissing the complaint and all cross claims against him.*

For plaintiff to establish a violation of General Obligations Law § 11-101, she was required to prove that Mendels illegally sold alcohol to Buchman (see, General Obligations Law § 11-101 [1]). At the time of the accident, an illegal sale included a sale to an "intoxicated person or to any person, actually or apparently, under the influence of liquor" (Alcoholic Beverage Control Law § 65 [former (2)]).

Pretrial testimony indicated that on the day of the accident, Buchman left a bar where she had consumed two or three vodka tonics and proceeded to The Nugget, where she apparently stayed for 45 minutes until approximately 7:45 P.M. Buchman stated that she had 1½ vodka tonics while at The Nugget and then proceeded to the third bar where, after having one drink, she left at approximately 8:45 P.M. She then proceeded to a friend's home, leaving there at approximately 9:50 P.M. It was immediately thereafter that the accident occurred.

In support of his motion for summary judgment, Mendels submitted excerpts of an examination before trial of a person who observed Buchman at The Nugget, as well as the affidavits of two others who saw her there. All three witnesses made statements regarding Buchman's manner of speech, tone of voice and motor coordination, and in their opinion, she did not appear to be nor was in actuality intoxicated while she was at The Nugget. This evidence was sufficient to satisfy Mendels' burden of negating an illegal sale of alcohol and the burden then shifted to plaintiff to come forward with proof in admissible form sufficient to create a question of fact as to whether an illegal sale took place (see, Gonyea v Folger, 133 AD2d 964, 965; Burton v Ertel, 107 AD2d 909, 910).

In opposition to the motion, plaintiff contended that the statements made by the affiants were self-serving since one was made by Mendels himself and the other was by his bartender. Plaintiff argued that this created sharp questions as to the credibility of the affiants and therefore should fail to sustain the motion for summary judgment. She also alleged

* Mendels, as well as the other bar owners, was sued both individually and in his capacity as owner of The Nugget. For the sake of simplicity, however, reference is made solely to Mendels.

that there were inconsistencies between the affidavits and the affiants' pretrial testimony, as well as inconsistencies between the pretrial testimony of these affiants and the pretrial testimony of other witnesses. However, the discrepancies did not involve Buchman's state of intoxication while she was at The Nugget. The alleged inconsistencies concerned only discrepancies in testimony as to when Buchman was at the various bars and when she was seen entering and leaving. Such allegations challenged only the credibility of the witnesses and did not in themselves create an issue of fact as to Buchman's state of intoxication when she was served at The Nugget *(see, Gonyea v Folger, supra,* at 965; *Cusano v General Elec. Co.,* 111 AD2d 557, 558, *affd* 66 NY2d 844).

Additionally, while self-serving exculpatory statements made by affiants has been held insufficient to support a motion for summary judgment, this has been the case where the affiants had "exclusive knowledge" of the facts *(Koen v Carl Co.,* 70 AD2d 695). Here, however, the affiants did not have exclusive knowledge of Buchman's condition while she was at The Nugget; anyone who saw her could have testified as to her condition.

Plaintiff also argued that the circumstances of the accident, Buchman's blood alcohol level of .14% at the time of the accident, her preaccident alcohol consumption, along with the discrepancies in the affidavits and pretrial testimony, all raised inferences by which a jury could conclude that she was intoxicated when served at The Nugget. Plaintiff cites *Wasserman v Godoy* (136 AD2d 631) and *Ray v Barnhart* (117 AD2d 874) for support. However, in *Wasserman v Godoy (supra)* the accident occurred after the defendant left the bar in question and stopped nowhere else before the accident. Furthermore, the accident occurred only 30 minutes after the defendant was served liquor at the bar. Here, even taking into account discrepancies in the testimony, the accident occurred almost two hours after Buchman left The Nugget and after she consumed liquor in another bar. Thus, no inference could be drawn from this evidence that she was intoxicated at the time she was served at The Nugget. Additionally, unlike the situation in *Ray v Barnhart (supra),* plaintiff here has failed to present any evidence to show that Buchman was intoxicated at The Nugget.

Therefore, since plaintiff failed to demonstrate the existence of any triable issues of fact as to whether Buchman was actually or apparently intoxicated when served at The Nug-

get, Supreme Court properly granted Mendels' motion for summary judgment.

Order and judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.