■ ALYSSA ANDERSEN, an Infant, by Her Mother and Natural Guardian, LORI ANDERSEN, et al., Respondents, v JACK BETZ et al., Defendants, and LIZZA INDUSTRIES, INC., et al., Appellants. (Action No. 1.) ROBERT PERITO, JR., an Infant, by His Mother and Natural Guardian, PATRICIA PERITO, et al., Respondents, v JACK BETZ et al., Defendants, and LIZZA INDUSTRIES, INC., Appellant. (Action No. 2.)—In two related actions to recover damages for personal injuries, etc., (1) the defendant Lizza Industries, Inc. appeals from so much of an order of the Supreme Court, Suffolk County (Lama, J.), dated March 2, 1988, as denied its cross motion for summary judgment dismissing the complaints in action No. 1 and action No. 2 insofar as they are asserted against it and any cross claims against it, and (2) the defendant Town of Islip separately appeals (a) as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint in action No. 1 insofar as it is asserted against it and any cross claims against it, and (b) as limited by its brief, from so much of an order of the same court, entered July 20, 1988, as, upon reargument, adhered to the original determination.

Ordered that the appeal by the Town of Islip from the order dated March 2, 1988 is dismissed, without costs or disbursements, as the portion of the order appealed from by it was superseded by the order entered July 20, 1988, made upon reargument; and it is further,

Ordered that the order dated March 2, 1988 is affirmed

insofar as appealed from by Lizza Industries, Inc., without costs or disbursements; and it is further,

Ordered that the order entered July 20, 1988 is modified, by deleting therefrom the provision which, upon reargument, adhered to the original determination denying the motion of the Town of Islip for summary judgment, and substituting therefor a provision granting the motion of the Town of Islip for summary judgment dismissing the complaint in action No. 1 insofar as it is asserted against it, and any cross claims against it, the action against the remaining defendants is severed, and the order dated March 2, 1988 is modified accordingly; as so modified, the order entered July 20, 1988 is affirmed insofar as appealed from, without costs or disbursements.

These related actions arose out of an automobile accident which occurred at approximately 7:50 P.M. on October 11, 1984. The accident took place at the intersection of a portion of the westbound Sunrise Highway service road serving as a detour route and Ferndale Boulevard, in the Town of Islip. The defendant, Lizza Industries, Inc. (hereinafter Lizza) had been performing road construction work along Sunrise Highway, and was allegedly instrumental in designing and implementing the detour route.

Lizza contends that it is entitled to summary judgment because the State of New York was solely responsible for the design of the detour route. It also contends that the detour design was not a proximate cause of the accident. The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by the tender of sufficient evidence to eliminate any material issues of fact from the case (see, *Winegrad v New York Univ. Med. Center,* 64 NY2d 851). Lizza did not establish its right to judgment as a matter of law. There are a number of material issues of fact relating to the role Lizza played in the design and implementation of the roadway, the circumstances of the accident, and the proximate cause of the accident.

The plaintiffs in action No. 1 alleged that on the eve of the accident, a street light located at the intersection of the detour route and Ferndale Boulevard was not functioning. This street light was owned and maintained by the Town of Islip. Although the driver of the automobile which collided with the automobile of the plaintiffs in action No. 1 testified at an examination before trial that he observed that the street light was unlit, neither he nor the plaintiffs in action No. 1

suggested that they could not see adequately or that a lack of lighting caused or contributed to the accident. Thus, the plaintiffs in action No. 1 failed to submit evidence that the nonfunctioning street light was a proximate cause of the accident *(see, Sheehan v City of New York,* 40 NY2d 496). Therefore, the town is entitled to summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Brown, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.