■ THERESE G. DONAGHY, Individually and as Administratrix of the Estate of JOHN J. DONAGHY, JR., Deceased, Respondent, v JOSEPH BILOTTI et al., Respondents, and CITY OF NEW YORK, Appellant.—In an action to recover damages for wrongful death arising from an automobile accident, the defendant City of New York appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Richmond County (Cusick, J.), entered August 9, 1988, as is in favor of the plaintiff and against its principal sum of $2,504,334, upon a jury verdict, which found the appellant 25% at fault in the happening of the accident and the defendants Joseph Bilotti and Thomas Bilotti 75% at fault in the happening of the accident.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the complaint is dismissed insofar as it is asserted against the defendant City of New York, and the action against the remaining defendants is severed.

On the afternoon of December 31, 1984, the defendant

Thomas Bilotti lost control of his automobile as he came off the exit ramp onto Forest Avenue from the Willowbrook Expressway in Staten Island. The vehicle mounted the sidewalk, striking and killing the plaintiff's decedent. It is undisputed that a yield sign was missing from its location on the ramp at the time of the accident. Indeed, on appeal, the defendant City of New York does not dispute its negligent maintenance of the yield sign which had been missing for as much as a year before the accident. Rather, the city disputes the finding that its negligence was a proximate cause of the accident, and challenges the verdict as excessive.

As was stated by the Court of Appeals in *Sheehan v City of New York* (40 NY2d 496, 501), "[e]vidence of negligence is not enough· by itself to establish liability. It must also be proved that the negligence was the cause of the event which produced the harm sustained by one who brings the complaint" *(see also, Derdiarian v Felix Contr. Co.,* 51 NY2d 308, 314-315; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 520; *Ventricelli v Kinney Sys. Rent A Car,* 45 NY2d 950, 951-952).

In the case at bar, the defendant Thomas Bilotti expressly testified that when he was approximately two-car lengths beyond the end of the exit ramp, he felt a "jolt", due either to a pothole or to the car's bottoming out. As a result, the car hit the left-hand curb and bounced off. At this point, Bilotti lost control of his vehicle, and his car veered off to the right-hand side of the road, where it slid sideways several hundred feet or more down the sidewalk, striking the decedent. An independent eyewitness also testified that it was only after Bilotti had left the ramp that his car veered to the left, hitting the curb some 40 to 50 feet from the ramp. Moreover, despite the presence of some expert testimony concerning the missing yield sign, it is significant that Bilotti himself attributed his car's initial movement toward the left to the "jolt" that he felt rather than to the absence of the yield sign.

It is clear, therefore, that under the facts of this case, the negligence of the city in failing to maintain the yield sign cannot be said to have been a causative factor in this unfortunate accident. The proximate cause of this accident was solely Bilotti's loss of control of his automobile after it hit the pothole or bottomed out, as he testified.

In view of the above disposition, we need not reach the appellant's remaining contentions. Thompson, J. P., Lawrence, Kunzeman and Balletta, JJ., concur.