■ JAMES CAMPBELL et al., Appellants, v LORENZO'S PIZZA PARLOR, INC., et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Di Tucci, J.), dated October 16, 1989, as, upon renewal, adhered to the original determination granting the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On February 22, 1986, the plaintiff, James Campbell, an off-duty New York City police detective, attempted to dissuade a young man from urinating in public. The young man began punching Detective Campbell, but was pulled away by a group of bystanders. However, a friend of the assailant came up to Detective Campbell and hit him in the face; at that point, a number of the bystanders grabbed Detective Campbell and threw him up against a car. As a result, he allegedly suffered injuries which forced him to retire from the police force.

Detective Campbell commenced the instant action against Lorenzo's Pizza Parlor, Inc., and its owner, claiming, *inter alia,* that the defendants had violated the Alcoholic Beverage Control Law § 65 (2) and the Dram Shop Act (General Obligations Law § 11-101) by negligently serving alcoholic beverages to the two assailants who were visibly intoxicated. His wife asserted a cause of action to recover damages for loss of consortium and loss of services.

Detective Campbell's common-law negligence cause of action was properly dismissed since, at the time that he was allegedly injured, Detective Campbell was performing a police function for which he was particularly trained and compensated (see, *Santangelo v State of New York,* 71 NY2d 393). Detective Campbell indicated in a police report, filed the day after the incident, that he "attempt[ed] to take proper Police action" and that he was injured "[w]hile affecting an off duty arrest". The plaintiffs' complaint and bill of particulars also alleged that Detective Campbell had "attempted to take police

action" when injured. In addition, Detective Campbell testified at his deposition that during the incident he was carrying his firearm in an ankle holster, identified himself as a police officer, displayed his badge and attempted to arrest his assailants. Furthermore, Detective Campbell retired with a full medical disability. The order granting his retirement specifically indicated that his disability "was a natural and proximate result of an accidental injury received in the *performance of duty*" (emphasis supplied). The mere fact that the plaintiff happened to be off duty at the time of the incident does not bar the applicability of *Santangelo* in this case.

Moreover, the enactment of General Municipal Law § 205-e, which is applicable in this case since the action was pending after January 1, 1987 *(see,* L 1990, ch 762; *see also, Santangelo v State of New York,* 149 Misc 2d 171 [Ct Cl]), and generally provides a cause of action for police officers injured as a result of statutory violations, will not, under the circumstances of this case, save the plaintiffs' causes of action based upon the Alcoholic Beverage Control Law and the Dram Shop Act. In opposing the defendants' motion for summary judgment, the plaintiffs were obligated to come forward with admissible evidence sufficient to raise a triable issue of fact as to whether the defendants had unlawfully served alcohol to the assailants while they were intoxicated *(see, Nehme v Joseph,* 160 AD2d 915). The unsworn letter by a purported eyewitness was without probative value *(see, Clifford v Black Clawson Co.,* 145 AD2d 808, 810; *Jacobs v Schleicher,* 124 AD2d 785, 786), as was the hearsay affidavit provided by an investigating police officer *(see, Eddy v Tops Friendly Mkts.,* 91 AD2d 1203, *affd* 59 NY2d 692). The plaintiff failed to produce any evidence in admissible form showing that the assailants were intoxicated in the defendants' establishment or even that they had been served alcohol by the defendants.

Accordingly, the court properly granted the defendants' motion for summary judgment *(see, Terbush v Buchman,* 147 AD2d 826). Thompson, J. P., Eiber, Balletta and O'Brien, JJ., concur.