■ MARK T. GAROFALO, Appellant, v HENRIETTA ITALIA, INC., Doing Business as COCO's CAROUSEL, Respondent, et al., Defendant.—Order unanimously affirmed without costs. Mem-

orandum: Supreme Court properly granted defendant Henrietta Italia's (Coco's) motion for summary judgment dismissing plaintiff's cause of action for negligence. Although Coco's was required to exercise reasonable care for the protection of its patrons, an unexpected altercation between patrons, such as that between plaintiff and defendant Schneider, is not a situation that Coco's could reasonably be expected to have anticipated or prevented *(see, Lindskog v Southland Rest.,* 160 AD2d 842; *Campbell v Step/Lind Rest. Corp.,* 143 AD2d 111; *Silver v Sheraton-Smithtown Inn,* 121 AD2d 711). Plaintiff submitted no evidence rebutting Coco's showing that, prior to the altercation with plaintiff, Schneider gave no indication that he posed a threat to any of its patrons. Moreover, Coco's was entitled to summary judgment on plaintiff's Dram Shop Act cause of action because plaintiff failed to demonstrate the existence of any triable issue of fact whether Schneider had been actually or apparently intoxicated when served by Coco's *(see, Terbush v Buchman,* 147 AD2d 826; *Gonyea v Folger,* 133 AD2d 964; *see also,* General Obligations Law § 11-101; *Lippman v Hines,* 138 AD2d 845). (Appeal from Order of Supreme Court, Monroe County, Patlow, J.—Summary Judgment.) Present—Callahan, J. P., Denman, Boomer, Balio and Lowery, JJ.