■ DANIEL PIZZARO, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant.—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief from (1) so much of an order of the Supreme Court,

Richmond County (Leone, J.), entered March 9, 1990, as granted the motions of the defendant City of New York and the defendant Rock Palace, Ltd., for summary judgment dismissing the complaint insofar as it is asserted against them and any cross claims interposed against them, and (2) so much of an order of the same court, entered August 23, 1990, as (a) granted the motion of the defendant Mansfield Contracting Company to renew its motion for summary judgment dismissing the complaint and cross claims interposed against it, and upon renewal, granted the motion for summary judgment, and (b) upon reargument of the motion of the City of New York for summary judgment, adhered to the original determination.

Ordered that the appeal from so much of the order entered March 9, 1990, as granted the motion of the defendant City of New York, is dismissed, as that provision of the order entered March 9, 1990, was superseded by the order entered August 23, 1990, made upon reargument; and it is further,

Ordered that the orders are affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

During the early morning hours of February 6, 1982, the plaintiff Daniel Pizzaro was a passenger in a car which left the roadway and crashed into a ditch beyond the "T" intersection formed by Bridge Street and Gulf Avenue in Staten Island. The plaintiff, who sustained serious injuries in the accident, subsequently commenced this action against Thomas Dolan, the operator of the vehicle involved in the crash, Lorraine Dolan, the vehicle's owner, the City of New York, the Mansfield Contracting Company (hereinafter Mansfield), the contractor responsible for maintenance and repair of the street lighting at the accident site, and Rock Palace, Ltd. (hereinafter Rock Palace), the Staten Island bar where the driver and his passengers had been drinking before the accident. The plaintiff alleged, *inter alia,* that the City had been negligent in failing to adequately warn motorists that the roadway terminated at the "T" intersection where the accident occurred, and that Mansfield had been negligent in failing to properly maintain, repair, and inspect the lighting at the accident site. The plaintiff further alleged that Rock Palace had violated the Dram Shop Act (General Obligations Law § 11-101) by serving intoxicating liquors to Thomas Dolan although he was actually or apparently intoxicated.

Following discovery, the City, Mansfield, and Rock Palace moved for summary judgment based primarily upon the testi-

mony of Thomas Dolan at an examination before trial. At his deposition, Dolan testified that the accident occurred when he swerved to avoid a collision with another vehicle. Dolan also testified that although the intersection was dark, he was able to see that the road ended beyond the "T" intersection. The Supreme Court ultimately awarded summary judgment to the three moving defendants, concluding, *inter alia,* that Dolan's deposition testimony established that any negligence on their part was not a proximate cause of the accident.

On appeal, the plaintiff contends that the Supreme Court erred in awarding summary judgment to the City because triable issues of fact exist in regard to the causation of the accident. In support of his claim, he points out that although Dolan claimed that he swerved to avoid a collision with another vehicle, the deposition testimony of the three passengers in the vehicle at the time of the accident indicated that they did not see or hear a second vehicle. However, the passengers' testimony is not inconsistent with Dolan's testimony, since they testified that they were either asleep or not paying attention prior to the accident. Moreover, although a police officer stated that he did not discover any skid marks at the accident scene, the officer's testimony does not contradict Dolan's version of the accident, since Dolan never testified that he applied his brakes. In view of the plaintiff's failure to present any evidence in admissible form indicating that the City's failure to warn of the hazards of the "T" intersection was a proximate cause of the accident, the court properly granted summary judgment to the City *(see, Sheehan v City of New York,* 40 NY2d 496; *Andersen v Betz,* 150 AD2d 743).

Upon reargument, the court properly adhered to the original determination awarding the City summary judgment. Although the plaintiff supported his motion for reargument with deposition testimony indicating that the City had removed an illuminated barrier designed to alert motorists that the roadway terminated at the "T" intersection, the plaintiff offered no evidence to contradict Dolan's testimony that he was aware that the roadway ended, or to support his assertion that the City's failure to warn caused or contributed to the accident. Accordingly, the testimony concerning the removal of the warning barrier failed to create a triable issue of fact as to whether the City's negligence was a proximate cause of the accident *(see, Sheehan v City of New York, supra; Andersen v Betz, supra; Donaghy v Bilotti,* 159 AD2d 478).

Furthermore, the Supreme Court properly awarded summary judgment to the defendant Mansfield. Even assuming,

arguendo, that Mansfield breached a contractual duty to the City by failing to discover and repair deficiencies in the lighting at the scene of the accident, Mansfield did not owe any duty to the plaintiff, a member of the public *(see, Kraye v Long Is. Light. Co.,* 42 AD2d 972; *Kornblut v Chevron Oil,* 62 AD2d 831, 834, *affd* 48 NY2d 853; *Francois v New York City,* 161 AD2d 319). In any event, we note that in view of Dolan's admissions, and the absence of any evidence indicating that defective street lights were a proximate cause of the accident, Mansfield was entitled to judgment as a matter of law *(see, Sheehan v City of New York,* 40 NY2d 496, *supra).*

We further reject the plaintiff's contention that the court erred in dismissing his Dram Shop Act claim against the defendant Rock Palace. In opposing summary judgment, the plaintiff was obligated to come forward with admissible evidence sufficient to raise a triable issue of fact as to whether Rock Palace unlawfully served alcohol to Dolan while he was intoxicated *(see, Garofalo v Henrietta Italia, Inc.,* 175 AD2d 580; *Campbell v Lorenzo's Pizza Parlor,* 172 AD2d 478; *Terbush v Buchman,* 147 AD2d 826). However, the only evidence in the record with regard to Dolan's consumption of alcohol is that he drank one beer and at least one Sambucca at the Rock Palace. Proof of mere consumption of alcohol is not enough to defeat a motion for summary judgment in a Dram Shop action *(see, Smith v Guli,* 117 AD2d 1017; *Terbush v Buchman, supra; Gonyea v Folger,* 133 AD2d 964). Moreover, while there was conflicting deposition testimony regarding the length of time Dolan spent in the bar prior to the accident, these inconsistencies did not relate to his apparent or actual state of intoxication, and thus do not raise a triable issue of fact sufficient to defeat summary judgment *(see, Terbush v Buchman, supra).* We note that the record does not contain any evidence that Dolan was actually *served* any alcoholic beverages at Rock Palace. In the absence of any evidence in the record that Dolan was intoxicated at the time of a sale, or that such a sale even occurred, Rock Palace's motion for summary judgment was properly granted *(see, Campbell v Lorenzo's Pizza Parlor, supra; Smith v Guli, supra).* Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.