■ PAUL F. PITKIN, Appellant, v JOHN F. McMAHON et al., Defendants, and ALBANY CUSTOM VANS AND ACCESSORIES, INC.,

---

Respondent. [663 NYS2d 678] —White, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered May 1, 1996 in Rensselaer County, which, *inter alia*, granted a cross motion by defendant Albany Custom Vans and Accessories, Inc. for summary judgment dismissing the complaint and all cross claims against it.

In 1992 plaintiff had undergone a neck fusion as a result of rheumatoid arthritis and thereafter, because of difficulties operating his van, he contacted the Office of Vocational and Educational Services for Individuals with Disabilities (hereinafter VESID) for assistance in modifying the vehicle to accommodate his disability. VESID then referred this matter to defendant John F. McMahon, owner of defendant Right Way Driving Center, Inc. (hereinafter Right Way), who met with plaintiff on January 7, 1993 for an evaluation of his problems. As a result certain modifications were made to plaintiff's van by defendant Albany Custom Vans and Accessories, Inc. (hereinafter defendant), but in early June 1993 defendant advised McMahon that plaintiff was unable to use the regular power steering. VESID then authorized defendant Faxton Hospital to evaluate plaintiff's driving needs, and McMahon and plaintiff traveled to Faxton Hospital where the evaluation was conducted. At McMahon's recommendation defendant attached a spinner knob to the van's steering wheel to facilitate steering by the plaintiff. However, plaintiff had difficulty using the spinner knob and, on August 16, 1993, McMahon met with plaintiff at his work site and reevaluated plaintiff's ability to steer. At this meeting McMahon demonstrated a tri-pin device which would replace the spinner knob. Plaintiff tested the tri-pin device and was comfortable with it; plaintiff thereafter drove to defendant's place of business and requested that they install a tri-pin on the steering mechanism of his van. This was done; plaintiff drove home, and the following morning while he was driving to work the van veered off the road and struck a telephone pole.

Plaintiff then commenced this action alleging negligence on the part of defendant, and following motions for summary judgment Supreme Court dismissed the complaint and all cross claims against defendant. Plaintiff's main contention on this appeal is that Supreme Court disregarded the fact that defendant did not obtain approval from VESID prior to installing the tri-pin steering device and released the van to defendant without a VESID inspection as required by the agreement between VESID and defendant. However, even though written approval and inspection did not take place on August 16, 1993,

we find that Supreme Court was not in error in granting the motion for summary judgment.*

The threshold issue is whether defendant had a legally cognizable duty to prevent the accident in which plaintiff was injured, which is a legal question to be determined by the court in the first instance (*see, Di Ponzio v Riordan*, 89 NY2d 578, 582-583; *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 585). Plaintiff argues that defendant breached the duty of care owed to him by virtue of the agreement between VESID and defendant. Courts must limit the legal consequences of a breach of contract to a controllable degree (*see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226), and although parties outside a contract are permitted to sue for tort damages as a result of negligently performed or omitted contractual duties, this right is generally limited to instances where a contracting party possesses exclusive management and control of the property in question which thereafter results in the negligent infliction of injury (*see, Palka v Servicemaster Mgt. Servs. Corp., supra*, at 586-589). Here, defendant did not have exclusive control over plaintiff's vehicle and had no input as to the type of modifications to be made. Further, defendant offered evidence that VESID's guidelines were primarily intended to govern defendant's right to receive payment from VESID and there was no showing that the agreement between defendant and VESID placed plaintiff at greater risk of injury, or that the tri-pin device was not properly installed. Based on these facts, we find that the agreement between defendant and VESID does not inure to the benefit of plaintiff (*see, Downes v Equitable Life Assur. Socy.*, 209 AD2d 769, 770).

Assuming, arguendo, that defendant incurred a duty to plaintiff in connection with its agreement with VESID, summary judgment for defendant still would be proper. Although normally proximate cause is a question for the jury, in certain instances it can be determined by the court (*see, Sheehan v City of New York*, 40 NY2d 496, 503). Negligence must be shown to be the proximate cause of the injury and a plaintiff is required to come forward with proof demonstrating that his injury was a natural and probable consequence of the condition for which the defendant is responsible (*see, Ellis v County of Albany*, 205 AD2d 1005, 1007). Here, there is no proof before us that the installation of the tri-pin was the proximate cause of plaintiff's injury and plaintiff testified repeatedly that he did

---

* The motions for summary judgment filed by Faxton Hospital, McMahon and Right Way will not be discussed as those parties did not appeal from Supreme Court's denial of such motions.

know how the accident occurred. The brief affidavit of plaintiff's expert which stated in a conclusory fashion that defendant was negligent in failing to obtain VESID's approval of modifications to the van is lacking in probative value since there is no indication that he had inspected the vehicle, was personally aware of any of the facts of the case or based his opinion on the evidence in the record. Therefore, we find that defendant made a prima facie showing of entitlement to judgment as a matter of law and that plaintiff did not offer sufficient evidence to demonstrate the existence of a triable issue of fact (*see*, *Zuckerman v City of New York*, 49 NY2d 557; *Thomas v New York City Tr. Auth.*, 194 AD2d 663, 664; *Hasbrouck v City of Gloversville*, 102 AD2d 905, *affd* 63 NY2d 916).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.