■ DRENY's M. MACIAS VERGARA, Also Known as MICHAEL MACIAS, Also Known as MIGUEL MACIAS, Also Known as DRENY's MACIAS, Respondent, v TIDES CONSTRUCTION CORP., Appellant. (And a Third-Party Action.) [721 NYS2d 103] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Alpert, J.), dated November 22, 1999, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On the night of October 16, 1993, the plaintiff was engaged in a game that involved lying on a well-travelled roadway. The plaintiff was seriously injured when a motorist traveling along the road did not see him in time to avoid hitting him. The plaintiff sued Tides Construction Corp. (hereinafter Tides), an independent contractor responsible for repairing street lights in the Village of Bayville, where the incident occurred. The plaintiff alleged that Tides's failure to maintain the street lights at the accident site was a proximate cause of his injuries.

The court erred in denying Tides's motion for summary judgment. It is well settled that an independent contractor responsible for municipal light repairs owes no duty of care to the general public (*see, Pizzaro v City of New York,* 188 AD2d 591). In any event, in opposition to the prima facie case established by Tides, the plaintiff failed to raise a triable issue of fact that Tides had performed any repairs in a negligent manner, and the uncontroverted evidence submitted by Tides established that it had no duty to inspect the street lights (*see, Giustino v Hollymatic Corp.,* 202 AD2d 161, 162). Furthermore, Tides was entitled to summary judgment based on the complete absence of admissible evidence that the lights in question were not working on the night of the incident. Finally, the plaintiff's act of lying down in the road was an intervening act constituting a superseding cause of his injuries (*see, Clark v New York City Hous. Auth.,* 277 AD2d 338; *Convey v City of Rye School Dist.,* 271 AD2d 154, 160; *see generally, Gordon v Eastern Ry. Supply,* 82 NY2d 555, 562). Krausman, J. P., S. Miller, McGinity and Feuerstein, JJ., concur.