■ RONALD BRODBECK et al., Respondents-Appellants, v ALBANY INTERNATIONAL CORP., Respondent, DUTCHESS OVERHEAD DOORS, INC., Appellant-Respondent, et al., Defendant.
[747 NYS2d 533]

The plaintiff Ronald Brodbeck was injured at an IBM facility when, during the course of his employment with IBM, an open overhead door began to close and struck him on the head. The defendant Albany International Corp. (hereinafter Albany) manufactured the door and sold it to the defendant Dutchess Overhead Doors, Inc. (hereinafter Dutchess), which installed it. The door, which measured eight feet by eight feet, included a photocell, a standard safety feature, which was a stationary device mounted in the door frame six inches from the bottom of the door. If the photocell beam was broken, the door would not close or would reopen.

Dutchess installed the door frame and its component parts, including the photocell, but did not connect the wiring for the photocell. However, after an electrical contractor installed the electrical components and wired them, a Dutchess representative and an IBM safety engineer inspected the door, including the safety photocell, to ensure that it was fully operational.

IBM contracted with Axiom Real Estate Management, Inc. (hereinafter Axiom), to manage its real estate and facilities. In turn, Dutchess entered into an agreement with Axiom to repair the IBM door on an as-needed basis. Axiom provided all routine door maintenance and inspections. Between September 1990, when it installed the door, and April 17, 1997, the date of the accident, Dutchess returned to IBM three times to repair the door, most recently on December 17, 1996. In conjunction with the door repairs, Dutchess inspected the photocell.

Axiom employees performed preventive door maintenance

and inspected it on April 10, 1997, one week before the plaintiff's accident. After the accident, Dutchess repaired the door and determined that the photocell was not connected when the accident took place, as the electric wire had been disconnected. After Dutchess reconnected the wire, the photocell operated properly.

The plaintiffs commenced this action against Albany alleging, among other things, improper design and manufacture of the door, against Dutchess, alleging negligent installation and maintenance of the door, and against Axiom, alleging negligent maintenance of the door. Following discovery, Albany, Dutchess, and Axiom moved for summary judgment dismissing the complaint. The Supreme Court granted partial summary judgment to Albany on the cause of action alleging improper manufacture and design, granted partial summary judgment to Axiom on the cause of action alleging breach of warranty, and denied the motion as to Dutchess in its entirety. Dutchess appeals, and the plaintiffs separately appeal regarding the grant of partial summary judgment to Albany. Axiom is not a party to this appeal.

Dutchess established its prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320). Contrary to the Supreme Court's determination, the plaintiffs, in response, failed to raise an issue of fact that Dutchess had a duty to inspect the door or had negligently repaired it (see Espinal v Melville Snow Contrs., 98 NY2d 136; Zuckerman v City of New York, 49 NY2d 557; Vergara v Tides Constr. Corp., 280 AD2d 665).

The Supreme Court properly determined that Albany was entitled to summary judgment dismissing the cause of action alleging improper manufacture and design. The fact that the photocell needed to be wired by an electrician did not constitute a design defect (see Robinson v Reed-Prentice Div. of Package Mach. Co., 49 NY2d 471). Here, the door worked properly and safely until some party, other than Albany, disconnected the wire. Albany established, as the manufacturer, that it was not liable because of a modification by a third party (see Robinson v Reed-Prentice Div. of Package Mach. Co., supra). In response, the plaintiff failed to raise an issue of fact that the door, when installed and maintained properly, was nonetheless defectively designed or manufactured (see generally Alvarez v Prospect Hosp., supra). Accordingly, the Supreme Court properly granted Albany's motion for summary judgment dismissing that cause of action insofar as asserted against it. Ritter, J.P., Altman, Smith and Goldstein, JJ., concur.