■ William Tapinekis et al., Respondents, v Rivington House Health Care Facility et al., Respondents, and Penguin

AIR CONDITIONING COMPANY, Appellant. (And Related Third-Party Actions.) [793 NYS2d 484]—

In an action to recover damages for personal injuries, etc., the defendant Penguin Air Conditioning Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated December 1, 2003, as denied those branches of its motion which were for summary judgment dismissing the complaint and all cross claims for common-law indemnification and contribution insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, those branches of the appellant's motion which were for summary judgment dismissing the complaint and all cross claims for common-law indemnification and contribution are granted, the complaint and all cross claims for common-law indemnification and contribution are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

On June 17, 1994, the plaintiff William Tapinekis, a laborer employed by M&G Waterproofing, Inc., was performing brickwork on the exterior of a building on Rivington Street in Manhattan. At the end of his shift, while walking down a hallway on the second floor toward M&G's storage and change room, he tripped on a wooden plank, fell forward, and "struck the corner of the wall." He then staggered at least an additional 10 feet before falling to the floor and injuring his arm on a three-inch by three-inch L-shaped piece of galvanized metal.

The Supreme Court should have granted the appellant's motion for summary judgment. Assuming that the appellant was responsible for the piece of galvanized metal on the floor, the galvanized metal was not a proximate cause of William Tapinekis's injuries. The unrelated act which caused William Tapinekis's injuries was his fall on the wooden plank lying on the floor. The event of striking a wall, staggering at least 10 feet and falling on the galvanized metal would not ordinarily be anticipated (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 316 [1980]; Torres v Hallen Constr. Corp., 226 AD2d 364, 365 [1996]; Alamo v US Energy Sys. Co. of Muttontown, 193 AD2d 708 [1993]).

Our conclusion that the appellant is not liable to the plaintiffs for the injuries sustained by William Tapinekis necessarily defeats all the cross claims for common-law indemnification and contribution asserted against the appellant (*see Stone v Williams,* 64 NY2d 639, 642 [1984]). Adams, J.P., Santucci, Goldstein and Lifson, JJ., concur.