■ Mercedes Torres, Respondent, v W.J. Woodward Construction, Inc., Defendant, Nu-Glass and Storefronts, Inc., et al., Respondents, and Overhead Door Corporation, Appellant. [821 NYS2d 617]—

In an action to recover damages for personal injuries, the defendant Overhead Door Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated June 3, 2004, as, in effect, granted those branches of the motion of the defendants Nu-Glass and Storefronts, Inc., Rick Powles, and Charles Waite which were for summary judgment dismissing the first cause of action insofar as asserted against them and for summary judgment dismissing its second cross claim insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from,

on the law, with one bill of costs, those branches of the motion of the defendants Nu-Glass and Storefronts, Inc., Rick Powles, and Charles Waite which were for summary judgment dismissing the first cause of action insofar as asserted against them and for summary judgment dismissing the appellant's second cross claim insofar as asserted against them are denied, and the first cause of action and the appellant's second cross claim are reinstated insofar as asserted against the defendants Nu-Glass and Storefronts, Inc., Rick Powles, and Charles Waite.

The plaintiff, a nurse's assistant, was struck by a falling door in the intensive care unit of the hospital where she worked. The door was manufactured by the defendant Overhead Door Corporation (hereinafter Overhead), and installed by the defendants Nu-Glass and Storefronts, Inc., Rick Powles, and Charles Waite (hereinafter collectively the movants). The parties dispute whether the door fell as a result of negligent installation or a manufacturing defect.

The Supreme Court determined that the movants satisfied their burden of establishing that they were free from negligence in their installation of the door and granted summary judgment to them dismissing, inter alia, the first cause of action based on negligence insofar as asserted against them (see Brodbeck v Albany Intl. Corp., 297 AD2d 693 [2002]), as well as Overhead's cross claim seeking contribution from them.

Overhead contends that its cross claim seeking contribution from the movants should not have been summarily dismissed because, contrary to the Supreme Court's determination, the movants failed to establish their prima facie entitlement to judgment as a matter of law on the issue of whether they were free from negligence in the installation of the door and, in any event, Overhead raised a triable issue of fact in that regard. A claim for contribution from the movants lies in favor of Overhead regardless of whether the plaintiff's right of recovery against the movants has been extinguished (see Raquet v Braun, 90 NY2d 177, 182-183 [1997]; cf. Tapinekis v Rivington House Health Care Facility, 17 AD3d 572 [2005]). Because there are triable issues of fact as to whether the movants negligently installed the door, Overhead's second cross claim should not have been dismissed insofar as asserted against the movants.

Although the Supreme Court correctly determined that the movants established their entitlement to judgment as a matter of law dismissing Overhead's cross claim for contribution by presenting evidence that they properly and nonnegligently installed the door, the Supreme Court erroneously concluded that Overhead failed to raise a triable issue of fact in opposi-

tion. The movants' contention that the affidavit of Overhead's expert should not be credited because the expert did not examine the door is without merit, inasmuch he properly relied upon photographs, detailed schematic diagrams, and installation instructions, from which it was fairly inferable that the door had not been properly installed (*see Matter of Aetna Cas. & Sur. Co. v Barile,* 86 AD2d 362, 364-365 [1982]; *see also Tate v Freeport Union School Dist.,* 7 AD3d 695, 696 [2004]; *cf. Davidson v Sachem Cent. School Dist.,* 300 AD2d 276, 277 [2002]; *Washington v City of Yonkers,* 293 AD2d 741, 742 [2002]). Moreover, although Overhead's expert should not have been permitted to rely upon the unsworn report of an investigator retained by the plaintiff (*see New York Cent. Mut. Fire Ins. Co. v Turnerson's Elec.,* 280 AD2d 652, 653 [2001]), that was not the only basis for the expert's conclusions.

Therefore, the expert's affidavit, which concluded that the door could have fallen out of its moorings only because certain screws were insufficiently tightened by the movants when they installed the door, raised a triable issue of fact as to whether their negligent installation of the door caused or contributed to the accident (*see Nichols v Agway, Inc.,* 280 AD2d 889, 890 [2001]; *see also Amatulli v Delhi Constr. Corp.,* 156 AD2d 500, 502 [1989], *affd* 77 NY2d 525 [1991]).

Accordingly, the Supreme Court should have denied that branch of the motion which was for summary judgment dismissing Overhead's second cross claim insofar as asserted against the movants, as well as that branch of the motion which was for summary judgment dismissing the first cause of action insofar as asserted against them. Prudenti, P.J., Mastro, Spolzino and Dillon, JJ., concur.