■ BRUCE A. WALKER et al., Respondents, v FIRST TRANSIT, INC., et al., Appellants. [825 NYS2d 526]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated November 16, 2005, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The injured plaintiff was employed as a delivery driver by Airborne Express. As he was exiting a van through the rear door to make a delivery, a gust of wind caused one of the opened

rear doors to close in on him. The door struck the injured plaintiff in the head, causing personal injuries. The subject van was designed and manufactured with a door stabilizer which locked the rear doors at about a 90-degree angle and prevented the door from swinging.

Airborne Express had a service agreement with the defendants, which provided fleet maintenance and repair services. When delivery drivers and their supervisors identified any problems with the delivery vans, the defendants repaired them. At times, the defendants were retained to make "non-contract" repairs, for which they were paid additional fees. At Airborne Express's direction, the defendants performed the "non-contract" repair of removing the door stabilizer from the van so that the rear doors could be opened at a 180-degree angle.

The defendants established their entitlement to judgment as a matter of law by demonstrating that they did not owe a duty of care to the injured plaintiff by virtue of their limited service contract with Airborne Express (see *Espinal v Melville Snow Contrs.,* 98 NY2d 136 [2002]; *Brodbeck v Albany Intl. Corp.,* 297 AD2d 693 [2002]; *Macias Vergara v Tides Constr. Corp.,* 280 AD2d 665 [2001]; *Pitkin v McMahon,* 243 AD2d 958 [1997]). Additionally, the evidence failed to show that the defendants were negligent in removing the door stabilizer from the subject van at the direction of Airborne Express (see *generally Gee v City of New York,* 304 AD2d 615 [2003]). The expert affidavit submitted by the plaintiffs in opposition to the motion was speculative and conclusory and insufficient to raise a triable issue of fact (see *Rovegno v Church of Assumption,* 268 AD2d 576 [2000]). Adams, J.P., Fisher and Lifson, JJ., concur.

Goldstein, J. (dissenting and voting to affirm the order appealed from, with the following memorandum): The plaintiff Bruce A. Walker (hereinafter the injured plaintiff), a delivery driver for Airborne Express, was injured when a gust of wind caused one of the rear doors of his delivery van to swing shut, hitting him in the head. The "safety arm bar" and straps which constituted standard equipment in this van to keep the rear doors from swinging, had been removed. The injured plaintiff testified at his deposition that the defendants, who were Airborne Express's on-site mechanics, removed the safety arm bar and straps at the direction of Airborne Express. The defendants' operations manager acknowledged that the defendants removed the equipment at the direction of Airborne Express to give the drivers more room while they were loading.

In the motion for summary judgment dismissing the complaint, the defendants acknowledged that "it is undisputed

that these defendants removed a device from the rear doors of the van, which was designed to keep the rear doors from closing." However, they claimed they were entitled to summary judgment on the ground that they owed no duty directly to the injured plaintiff. It was their contention that they removed the equipment at the direction of Airborne Express, and there was no evidence that the removal was performed "improperly and/or without use of due care."

The question of whether the removal was done properly or improperly was not an issue in this case. The plaintiffs' claim is that the removal itself created a dangerous condition, thus launching the instrumentality of harm which caused the injured plaintiff's injuries (*see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 142 [2002]).

The defendants' contention that they performed the removal at the direction of Airborne Express may be evidence that Airborne Express was also negligent, but did not constitute evidence that the defendants were not negligent. There is no evidence in this record that Airborne Express had superior expertise in vehicle maintenance which would in any way justify the defendants' blind adherence to instructions with respect to vehicle maintenance (*see generally Gee v City of New York*, 304 AD2d 615 [2003]). Further, the defendants admitted that they were aware of the purpose of the equipment and were aware that the modification was made "so that the drivers would have more room to load the vans" and not out of any concern for safety.

On their motion for summary judgment, the defendants bore the burden of establishing their entitlement to judgment as a matter of law (*see Davilmar v City of New York*, 7 AD3d 559 [2004]). The defendants offered no evidence that the removal did not compromise the safety of the vehicle, and therefore failed to meet that burden. "Failure to make such a prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

In any event, the plaintiffs raised a triable issue of fact. In opposition to the defendants' motion, the plaintiffs submitted the deposition of a design analysis engineer employed by the manufacturer of the van, who testified that the equipment in question was standard to keep the doors from freely swinging, and from opening or closing while someone is going in or out of the van. The plaintiffs also submitted an affidavit of an expert who attested that the removal of the equipment "created a

dangerous and hazardous condition" which was a substantial factor in causing the injured plaintiff's injuries.

In finding that the plaintiffs' submissions were insufficient to raise a triable issue of fact, the majority intimates that the plaintiffs were required to demonstrate that the vehicle without the standard equipment "did not conform to relevant industry safety standards" (*Rovegno v Church of Assumption,* 268 AD2d 576, 577 [2000]). However, in *Rovegno v Church of Assumption* (*supra* at 576) the issue was whether a mechanical gate should have been manufactured with an additional safety device to protect against "the plaintiff's misuse of the gate, which was an extraordinary occurrence that need not have been guarded against."

As the Court of Appeals held in *Liriano v Hobart Corp.* (92 NY2d 232, 241 [1998]), "a safety device built into the integrated final product is often the most effective way to communicate that operation of the product without the device is hazardous." In this case, the defendants acknowledged that they were aware of the purpose of the equipment and that the consequences of its removal were foreseeable.

In view of the foregoing, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.