■ JOSE MARTINEZ, Plaintiff, v CITY OF NEW YORK et al., Defendants, INTERSTATE INDUSTRIAL CORPORATION, Respondent, and GSF ENERGY, LLC, et al., Appellants. (And a Third-Party Action.) [900 NYS2d 757]—

In an action to recover damages for personal injuries, the defendants GSF Energy, LLC, Fresh Gas, LLC, and DQE appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), dated February 10, 2009, as granted that branch of the motion of the defendant Interstate Industrial Corporation which was for summary judgment dismissing the cross claim for contribution insofar as asserted by them against that defendant.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured at the Fresh Kills landfill in Staten Island when he fell from an elevated horizontal gas pipe on which he stood, while attempting to manually close a valve wheel at one of the landfill's "flare stations," where recovered gas from the landfill was burned. Several years prior to the plaintiff's accident, the flare station had been assembled by the defendant Interstate Industrial Corporation (hereinafter IIC). The plaintiff alleged, inter alia, that at the time of his ac-

cident, GSF Energy, LLC, Fresh Gas, LLC, and DQE Financial Corp., sued herein as DQE (hereinafter collectively the appellants), operated the flare station.

The Supreme Court determined that IIC satisfied its burden of establishing that it was free from negligence, and awarded it summary judgment, inter alia, dismissing the appellants' cross claim for contribution insofar as asserted against it. The appellants contend that their cross claim for contribution from IIC should not have been summarily dismissed because, contrary to the Supreme Court's determination, IIC failed to establish its prima facie entitlement to judgment as a matter of law on the issue of whether it was free from negligence and, in any event, they raised a triable issue of fact in that regard.

The Supreme Court correctly determined that IIC established its entitlement to judgment as a matter of law dismissing the appellants' cross claim for contribution by presenting evidence that it equipped all elevated valve wheels located more than six feet above the ground with chain mechanisms that allowed for ground-level operation (*see Torres v W.J. Woodward Constr., Inc.*, 32 AD3d 847, 848 [2006]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the appellants failed to raise a triable issue of fact as to whether the plaintiff's injury was caused by IIC's negligence (*see* CPLR 1401; *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 71 NY2d 599 [1988]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

To the extent that the defendant City of New York argues that the Supreme Court erred in granting those branches of IIC's motion which were for summary judgment dismissing all cross claims insofar as asserted against IIC, that argument is not properly before this Court since the City of New York did not file a notice of appeal from the order (*see* CPLR 5515; *Hecht v City of New York*, 60 NY2d 57, 61 [1983]). Skelos, J.P., Santucci, Lott and Sgroi, JJ., concur. **[Prior Case History: 22 Misc 3d 1134(A), 2009 NY Slip Op 50427(U).]**