Torres v John Doe Painting Bus.
2026 NY Slip Op 03839
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Dadin Torres, et al., appellants,
v
John Doe Painting Business, et al., defendants, BRG Automotive Enterprises, et al., respondents. (Action No. 1)
Dadin Torres, et al., appellants,
Mavis Discount Tire, Inc., respondent. (Action No. 2)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-10097, (Index Nos. 37217/18, 31780/21)
Angela G. Iannacci, J.P.
Linda Christopher
Carl J. Landicino
Phillip Hom, JJ.

Dwight D. Joyce, Stony Point, NY, for appellants.
Kenney Shelton Liptak Nowak LLP, White Plains, NY (Deborah A. Summers of counsel), for respondent BRG Automotive Enterprises.
Gfeller Laurie LLP, Tarrytown, NY (Adam R. Dolan of counsel), for respondent Mavis Discount Tire, Inc.
Marshall Dennehey, P.C., New York, NY (Jack J. Yau and Allison Snyder of counsel), for respondent Danny's Service Center, Inc.

[*1]
DECISION & ORDER
In two related actions to recover damages for personal injuries, etc., which were joined for discovery and trial, the plaintiffs in Action Nos. 1 and 2 appeal from an order of the Supreme Court, Rockland County (Hal B. Greenwald, J.), dated August 23, 2024. The order, insofar as appealed from, granted those branches of the separate motions of the defendants BRG Automotive Enterprises and Danny's Service Center, Inc., which were for summary judgment dismissing the amended complaint in Action No. 1 insofar as asserted against each of them, and granted the motion of the defendant Mavis Discount Tire, Inc., for summary judgment dismissing the complaint in Action No. 2.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff Dadin Torres sustained personal injuries when her vehicle was struck by a van traveling in the opposite direction. The plaintiffs commenced Action No. 1 against, among others, the defendants BRG Automotive Enterprises (hereinafter BRG) and Danny's Service Center, Inc. (hereinafter Danny's), and Action No. 2 against the defendant Mavis Discount Tire, Inc. (hereinafter Mavis), alleging that those defendants' negligent repair and inspection of the van caused the van's driver to lose control of the van and to cross the center yellow line on the roadway.
BRG and Danny's separately moved, inter alia, for summary judgment dismissing the [*2]amended complaint in Action No. 1 insofar as asserted against each of them. Mavis moved for summary judgment dismissing the complaint in Action No. 2. In an order dated August 23, 2024, the Supreme Court, among other things, granted those branches of the motions of BRG and Danny's and granted Mavis's motion. The plaintiffs appeal.
"Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (Espinal v Melville Snow Contrs., Inc., 98 NY2d 136, 138). "[T]he existence and scope of a duty is a question of law requiring courts to balance sometimes competing public policy considerations" (id.). "Without a duty running directly to the injured person there can be no liability in damages, however careless the conduct or foreseeable the harm" (Lauer v City of New York, 95 NY2d 95, 100).
"[O]rdinarily, breach of a contractual obligation will not be sufficient in and of itself to impose tort liability to noncontracting third parties upon the promisor" (Church v Callanan Indus., 99 NY2d 104, 111). However, "a party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launches a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties[; or] (3) where the contracting party has entirely displaced the other party's duty to maintain the [vehicle] safely" (Espinal v Melville Snow Contrs., Inc., 98 NY2d at 140 [alteration, citations, and internal quotation marks omitted]). When the plaintiffs allege facts in their pleadings or bill of particulars which would establish the applicability of any of these exceptions, a defendant is required to affirmatively demonstrate that the exceptions do not apply in order to establish its prima facie entitlement to judgment as a matter of law (see Camelio v Shady Glen Owners' Corp., 219 AD3d 453, 454).
Here, BRG, Danny's, and Mavis (hereinafter collectively the defendants) established, prima facie, that they did not owe a duty of care to the plaintiffs by virtue of their limited service contracts with the van's owner (see Walker v First Tr., Inc., 35 AD3d 452, 453). The evidence submitted by the defendants, including invoices and a transcript of the deposition testimony of the van's owner, demonstrated that BRG performed an oil and filter change more than six months before the accident, that Danny's repaired the van's rear axle pinion bearings more than four months before the accident, and that Mavis repaired a slow leak of the front right tire approximately four months before the accident, none of which implicated the front left steering components of the van where a safety compression clamp allegedly was missing from the tie rod at the time of those repairs.
In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendants launched a force or instrument of harm, whether the plaintiffs detrimentally relied on the defendants' continued performance, or whether the defendants entirely displaced the owner's duty to maintain the van safely (see Stiver v Good & Fair Carting & Moving, Inc., 9 NY3d 253, 257). Contrary to the plaintiffs' contentions, neither the deposition testimony of Mavis's vice president that Mavis's employees are instructed to look for "anything that could be underneath the hood or on the underside of the vehicle" nor the deposition testimony of the van's owner that Danny's "checked everything" to the extent "[t]hat [she] kn[e]w of" demonstrated an issue of fact as to whether the inspection and repair of the van by the defendants was so comprehensive so as to entirely displace the owner's duty to maintain the van safely (see id.; cf. Hsu v City of New York, 145 AD3d 759, 760-761).
Accordingly, the Supreme Court properly granted those branches of the motions of BRG and Danny's which were for summary judgment dismissing the amended complaint in Action No. 1 insofar as asserted against each of them, and properly granted Mavis's motion for summary judgment dismissing the complaint in Action No. 2.
IANNACCI, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court